ELIZABETH A. CARROLL, PROSECUTRIX, v. STATE BOARD OF EDUCATION, DEFENDANT.

Argued October 18, 1930—Decided November 22, 1930.

Before Justices CAMPBELL and BODINE.

For the prosecutor, *Joseph F. S. Fitzpatrick.*

For the defendant, *William A. Stevens,* attorney-general, and *Harold A. Price.*

PER CURIAM.

The prosecutrix was employed by the board of education of the township of Matawan under three consecutive written contracts.

The first was dated and executed July 15th, 1926, providing for her employment for the term of one year from September 7th, 1926. The second was dated and executed May 19th, 1927, and provided for her employment for one year from September 1st, 1927. The third was dated and executed June 13th, 1928, and provided for employment for one year from September 4th 1928. In each contract there was a provision that either party might terminate the agreement upon thirty days' notice to the other.

This provision was not exercised by either party under the first two contracts but was exercised by the board of education of Matawan under the third contract by that board giving notice to the prosecutrix on July 15th, 1929, that her services would terminate on August 15th, 1929. She appealed to the commissioner of education asserting that her employment could not be thus brought to an end because of the provisions of *Pamph. L.* 1909, *ch.* 243. That officer ruled against her and her appeal was dismissed. She then appealed to the defendant, state board of education, and that body affirmed the finding and judgment of the commissioner of education.

This writ brings up for review such judgment. *Pamph. L.* 1909, *ch.* 243, provides:

"The service of all teachers, principals and supervising principals of the public schools in any school district of this state shall be during good behavior and efficiency, after the expiration of a period of employment of three consecutive years in that district, unless a shorter period is fixed by the employing board; * * *."

It may be here stated that the case before us does not show that the board of education of the township of Matawan fixed any shorter period. We are, therefore, concerned only with the provisions of the statute.

The decision of the commissioner of education, affirmed by the defendant was, that the term of service of the prosecutrix commenced September 7th, 1926, and her three years of service would not have expired under her three contracts until September 7th, 1929, and therefore the option to terminate under the last contract exercised by notice of July 15th, 1929, effective August 15th, 1929, left her without a full three-year period of service and therefore she was without the benefit of *Pamph. L.* 1909, *ch.* 243.

This, we think, was a correct finding upon the law and facts.

Prosecutrix urges to the contrary as follows:

1. That the three years of service was completed in that under her first contract she taught from September 7th, 1926, until the end of the school sessions in June, 1927; under her second contract she taught from September 1st, 1927, until the end of the school sessions in June, 1928, and under her third contract she taught from September 4th, 1928, to the end of the school sessions in June, 1929, and that in each instance the board of education waived performance and the teaching from the close of sessions in June of each year.

Be this as it may, prosecutrix under no circumstances would have performed three calendar years of service until September 7th, 1929; three years from the commencement of her first contract of employment.

2. That prosecutrix completed more than three calendar years of service under her three contracts.

This is argued upon the fact that her first contract bears date July 15th, 1926, and the date of discontinuance of her services under her third and last contract was August 15th,. 1929. Her insistence falls short, however, because, while her first contract bears date as of July 15th, 1926, by its terms. it did not become operative, so far as the performance of any service is concerned until September 7th, 1926; consequently her "period of employment" did not commence until that date.

3. It is next contended that the contracts of the prosecutrix and the statute in question should be considered and construed in connection with the statute fixing the school year as from July 1st of one year, until June 30th, of the year succeeding.

That statute is 4 *Comp. Stat.*, p. 4804, § 238: "The school year shall begin on the first day of July and end at the thirtieth day of June," and has been construed to be "for fiscal and administrative purposes." *Wooley* v. *Hendrickson,*. 73 *N. J. L.* 14 (at *p.* 20).

We think the Tenure act, *Pamph. L.* 1909, *supra,* cannot be construed in the light of the statute last referred to, but, on the contrary, with the assistance of the statute (4 *Comp. Stat.*, p. 4973, § 10), which is a legislative guide given for the purpose of construing the language of the law-making body and which provides:

"That the word 'month,' when used in any statute shall be construed to mean a calendar month and the words 'a year' shall be construed to mean a calendar year."

So construed the prosecutrix was not in the position of a teacher engaged to teach and teaching "after the expiration of a period of employment of three consecutive years in that district" when her employment was terminated under the terms of her third contract.

The writ will be dismissed, with costs, and the judgment under review affirmed.