HELEN W. CHALMERS, PROSECUTRIX, v. STATE BOARD OF EDUCATION, DEFENDANT.

Submitted May 12, 1933—Decided September 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutrix, *Kass & Kass.*

For the defendant, *Sorg, Duncan & Bailey.*

PER CURIAM.

This writ brings up a decision of the state board of education holding that prosecutrix was not entitled to the protection of the Teachers' Tenure of Office act.

The prosecutrix was engaged by the board of education of the township of Raritan in Middlesex county, to teach in Oak Tree public school, by a contract in writing, dated June 28th, 1928, for a period of ten months from September 14th, 1928; by a contract, dated July 29th, 1930 (obviously an error and should be 1929), from September 1st, 1929, to June 30th, 1930; by a contract, dated May 7th, 1930, from September 1st, 1930, to June 30th, 1931; and by a contract, dated June 24th, 1931, from September 1st, 1931, to June 30th, 1932.

On April 29th, 1931, the local board adopted a resolution that, thereafter, no married teacher should be allowed to acquire tenure unless they were self-supporting. Prosecutrix

was therefore notified that she would not be re-employed, because to do so would bring her within the provisions of the statute referred to, and that, therefore, her services would not be needed by that board after the expiration of her then existing contract. The prosecutrix thereupon offered to waive her right to acquire tenure. Subsequently, prosecutrix, on May 20th, 1931, tendered her resignation in writing, to be effective June 18th, 1931. The resignation was received by the supervising principal, and by him submitted to the local board of education, some weeks prior to the date when it was to take effect. The proofs are uncontradicted that it was acted upon by the board at a regular meeting and that it was duly accepted, although the clerk of the board made no entry of such action in the minutes. The word "Accepted" was noted on the resignation, when the board acted upon it. The testimony was that the prosecutrix was desirous of re-signing in order that she should not be subject to the provisions of the resolution of the board that married women should not acquire tenure.

In this situation, and on June 24th, 1931, the fourth contract was entered into. Under it, prosecutrix taught until the close of the school year in June, 1932. On June 1st, 1932, she was notified that her services would not be needed after June 30th, 1932. She appealed to the commissioner of education, who decided in her favor. Whereupon the local board appealed to the state board of education, which reversed the finding of the commissioner of education.

Four reasons for reversal are written down by prosecutrix. These are—

1. "The state board of education erred in finding that the resignation of the prosecutrix had been accepted."

2. "The state board of education erred in holding that 'the commissioner deemed the resignation of respondent to be ineffective because she did not know of its acceptance by the board * * *.' "

3. "The state board of education erred in holding that the prosecutrix 'had not served for the period necessary to confer the right to tenure upon her under the statute,' because tenure under the statute does not depend upon a contract but upon

service and the prosecutrix having rendered the statutory service is entitled to tenure protection by virtue of operation of law."

4. "Any resignation offered by the prosecutrix, or any notice terminating service served by the Raritan township board of education, was part of a scheme to evade the operation of the Teachers' Tenure of Service act, and was not operative because evasion of the Teachers' Tenure of Service act is against public policy."

Both the commissioner of education and the state board of education appear to have believed that the determination of the matter rested upon the effect of the letter of resignation sent by prosecutrix to the local board.

In its finding, the state board well states the situation as follows:

"The commissioner of education, in his opinion, says: 'This case rests upon the effect of appellant's letter of resignation, the action of the board in relation to it, and her subsequent re-employment of June 24th.' Evidently he considered that upon the acceptance of the resignation an interruption would be created in the continuous service required by the Tenure act, and thus the benefit of previous service by respondent lost to her. Fountain v. Board of Education of Madison Township, 1928, School Law Dec. on page 180. We agree with him that to acquire protection under the Tenure act there must have been a continuous, uninterrupted service of a period of three years, and a re-employment immediately thereafter. The Tenure act provides:

" 'The service of all teachers  *  *  *  shall be during good behavior and efficiency, *after* the expiration of *a period* of employment of three consecutive years *in that district* unless a shorter period is fixed by the employing board.' *Pamph. L.* 1909, *ch.* 243.

"The commissioner deemed the resignation of respondent to be ineffective because she did not know of its acceptance by the board, and moreover, he says, 'the president and district clerk, who had full knowledge of the matter, signed the warrant for the entire month's salary, and the supervising principal, who was aware of her continued service,

handed to her a warrant which he knew included payment for the time after which her resignation was intended to take effect, and further, that the board was charged with a knowledge of its own minutes and the official acts of its officers and it cannot therefore disavow the acceptance of appellant's services for the full period of the third contract and payments therefor.' "

"We do not.agree with the commissioner in his view that respondent did not know of the acceptance by the board of her resignation. That method of avoiding the acquisition by her of tenure was her own suggestion. The language of her letter of May 1st, where she inquires if 're-employing' would make it possible for her to receive consideration, can mean nothing else. She must have meant a re-employing after an interruption of her present service before the end of the school year, otherwise her language would be without sense. Both she and the board believed that if she were re-employed after full performance of her contract ending on June 30th, she would come under tenure protection. The sequence of events negatives such lack of knowledge. She was notified on April 30th, 1931, she would not be re-employed after June 30th. On May 1st she wrote, asking if waiving tenure or re-employment would make it possible she be considered for next year. On May 18th the board adopted the resolution to re-employ her for the next school year, provided she waive tenure rights. On May 20th she wrote her resignation, which was received by the supervising principal on May 26th, and by him presented to the board early in June, and by it accepted. We are not so credulous as to believe respondent was ignorant of any step in a matter which concerned her so vitally, and that the course that was followed was not fully concurred in by her.

"The absence of a record of the receipt and action of the board upon the resignation does not preclude oral evidence of the board's acts in reference thereto. The School law. prescribes that the secretary shall record the proceedings of the board and its committees, but that requirement does not preclude other evidence of the acts of a board. Where the minutes contain no reference to such acts, the testimony

of those who participated in them is original evidence and should be given consideration, if it is clear and certain. Here we have the positive statement of the supervising principal that he submitted the resignation to the board, and that it was, by it accepted. That he at the time of its acceptance noted the fact on the resignation itself. Messrs. Van Duyn, Kirkpatrick and Troger, members of the board, testify positively the board received the resignation and accepted it. Mr. Troger further testified to the effect the resignation was part of a plan entered into with respondent to avoid the acquisition of tenure. No member of the board was produced to deny it had acted upon respondent's resignation. Nor, in our opinion, is it of any effect that formal notice of the acceptance of the resignation was not given. The resignation became effective according to its terms, when it was accepted. *Reeves* v. *Ferguson,* 31 *N. J. L.* 107; *Whitney* v. *Van Buskirk,* 40 *Id.* 463. The fact that respondent returned to the school on June 19th, the day following that upon which her resignation became effective, did not, in our opinion, operate to annul the acceptance of the resignation. All that was done on that day was the promotion of the pupils. What respondent did was voluntary. There is nothing in the evidence to show the board knew anything about it. The payment to respondent of a full month's salary for June did not affect the resignation. Respondent had performed all the service that a teacher was called upon to give when her resignation became effective. Teaching sessions ended for the month on that day.

"The payment was probably binding on the board and could not be disavowed, but it is untenable to hold the board was thereby bound to regard respondent as being in its employ, notwithstanding the resignation and its acceptance. On what theory could it be so held? There is no estoppel. Respondent was not misled in any way to her damage. At most, the officers of the board paid to respondent as salary a small sum in excess of what she was entitled to. The board had no knowledge of it and cannot be held to have ratified or to be under an obligation to disavow the payment.

"An interruption of the service of respondent in the district of appellant board having been created by the petitioner's action and her resignation, she had not served for the period necessary to confer the right to tenure upon her under the statute."

We agree with the conclusion of the state board of education that the prosecutrix tendered her resignation before the expiration of the three-year period; that such resignation was duly accepted; and that she did not have "a period of employment of three consecutive years in that district."

There remains to be considered only the fourth point urged by prosecutrix, namely, that the conduct of the parties was illegal and against public policy and, therefore, there was no interruption of the service of prosecutrix.

It is clear that prosecutrix obtained no tenure rights until *"after* the expiration of a period of employment of three consecutive years." Therefore, having, by her own act, terminated the service before she became entitled to such rights, we are not dealing with a situation where an effort is made to avoid recognition of an existing right. It was within the competence of either party to terminate the service before the right had been acquired, and prosecutrix concedes this would be lawful. This is what was done in the instant case.

The statutory right of tenure never having been acquired, the objection of the prosecutrix is without merit. *Carroll* v. *State Board of Education,* 8 *N. J. Mis. R.* 859; 152 *Atl. Rep.* 339.

The writ will be dismissed, with costs, and the judgment under review affirmed.