CLARA E. AHRENSFIELD, PROSECUTRIX, v. THE STATE BOARD OF EDUCATION OF THE STATE OF NEW JERSEY, THE BOARD OF EDUCATION OF THE BOROUGH OF ROSELLE PARK IN THE COUNTY OF UNION, AND CHARLES H. ELLIOTT, STATE COMMISSIONER OF EDUCATION, RESPONDENTS.

Argued January 16, 1940—Decided March 1, 1940.

Before Justices BODINE and PERSKIE.

For the prosecutrix, *John M. Kerner.*

For the respondents, *Martin P. O'Connor.*

The opinion of the court was delivered by

PERSKIE, J. The basic question we are called upon to decide in this cause is whether the State Board of Education

was right in sustaining the State Commissioner of Education who dismissed prosecutrix' petition to compel the Board of Education of Roselle Park to grant her tenure as a school teacher, to direct her reinstatement, and to pay her certain back salary.

Prosecutrix was first employed by the Board of Education of Roselle Park by a contract dated June 16th, 1931. Under the terms of that contract she was to teach in the Roselle Park public schools from September 1st, 1931, to June 30th, 1932, at a salary of $1,300. This she did.

By contract dated March 15th, 1932, prosecutrix was re-employed at the same salary to teach for the period from September 1st, 1932, to June 30th, 1933.

By contract dated May 17th, 1933, she was employed for the third time. Under the terms of this contract, she was to serve from September 1st, 1933, to June 30th, 1934, at the same salary as she had previously received.

On April 17th, 1934, during prosecutrix' service under this contract, the Board of Education of Roselle Park adopted a resolution opposing the placing of married female teachers under tenure of office, and announced a policy not to tender contracts to any married female teacher for the school year 1934-1935, except to those "already protected by the Tenure of Office act."

We mark the fact, at this point, that on June 5th, 1934, the legislature amended the act concerning the period of service necessary to establish tenure. By chapter 188, *Pamph. L.* 1934, *p.* 461, § 1, it provided, *inter alia,* that "service of all teachers" in any school district of this state shall be "during good behavior and efficiency," (1) "after the expiration of a period of employment of three consecutive calendar years in that school district unless a shorter period is fixed by the employing board," or, (2) "upon beginning service for the fourth consecutive academic year," or, (3) "upon continuous employment during all the time schools are open in the district for a period of three calendar years from the date of the original employment; provided * * *."

On February 15th, 1935, the legislature again amended the act. Chapter 27, *Pamph. L.* 1935, *p.* 64, § 1. By this amend-

ment, among other things, it restated condition (1) set forth in the act of 1934, *supra;* it changed the wording of condition (2) aforesaid to read as follows: "* * * or after employment for three consecutive academic years together with the employment at the beginning of the next succeeding academic year;" and it eliminated condition (3) from the act. As so amended, the two conditions now appear in *R. S.* 18:13-16.

We further mark the fact that each of the aforesaid acts provide that "an academic year shall be interpreted to mean the period between the time school opens in the district after the general summer vacation until the next successive summer vacation."

In light of what has been written, it is altogether clear that prosecutrix' tenure, under the act of 1934 *supra,* and the proofs of this particular case, would have been fixed "upon [her] beginning service for the fourth consecutive academic year," and under the subsequent acts would have become fixed "after [her] employment for three consecutive academic years together with employment at the next succeeding year."

What are the proofs in this case? Generally stated, they disclose that the supervising principal of the school system of the borough of Roselle Park told prosecutrix that he could not, because of the resolution passed by the board, recommend her for re-employment. In a spirit of helpfulness—and not at the direction of the board—he suggested to prosecutrix a way out. He suggested to her that she might resign—if she cared to—before the expiration of her contract for the year 1933-1934, and then he could recommend her re-employment. Prosecutor, without any fraud, coercion or duress on the part of the supervising principal, elected—for reason or reasons satisfactory to her—to follow her principal's suggestion. Accordingly, on May 31st, 1934, she tendered her resignation to the board to take effect June 21st, 1934, one day before the close of that academic year. Her resignation was accepted on June 5th, 1934. That obviously left her in the position where she did not complete her service of three consecutive academic years, and, therefore, would not have become entitled to tenure, even though she might thereafter be employed for

the following years. *Cf. Carroll v. State Board of Education,* 8 *N. J. Mis. R.* 859; 152 *Atl. Rep.* 339. True prosecutrix returned and completed her records on the closing day of school but it is equally true that she was not asked to do so, nor was she paid for that day's work.

On June 5th, 1934, the same day the board accepted prosecutrix' resignation, it authorized her re-employment for the school year 1934-1935. She was likewise re-employed for the succeeding school years of 1935-1936 and 1936-1937. Each year, without any fraud, coercion or duress, she submitted her resignation to the board, effective one day before the sessions of the school closed for said years; each resignation was accepted. She was not re-employed for the year of 1937-1938. Hence this suit in which, as already stated, prosecutrix sought reinstatement; protection of the Tenure law; $50 representing the amount by which her salary was reduced in 1937; and compensation for services rendered during the last day of each school year in the years 1934, 1935 and 1936.

The relief sought was denied in each tribunal to which appeal was made, and we think properly. It was clearly within the right of either party to terminate the service before tenure had been acquired. Thus the tender and acceptance of a teacher's resignation before the expiration of three consecutive academic years of service precludes protection under the Tenure act. *Chalmers v. State Board of Education,* 11 *N. J. Mis. R.* 781; 168 *Atl. Rep.* 236. See annotation, 110 *A. L. R.* 797, 798.

It is here claimed for the prosecutrix, as it was below, that her first and subsequent resignations were induced or were the products of fraud, coercion and duress on the part of the supervising principal and the board because the latter ratified his action. We search the record in vain for proof in support of that claim. But we do find proofs to support the findings of the two lower tribunals that her resignations were free from fraud, coercion and duress and that they were altogether voluntary.

Prosecutrix terminated her services before she became entitled to tenure. For three consecutive academic years after her first allegedly enforced and illegal resignation in 1934,

she continued to hand in her resignation effective one day before the end of the current academic year. At no time during those years did she raise a word of complaint as to the manner in which she was employed. At no time during the same period did she even intimate, much less charge, that either her supervising principal or her board had procured her resignations through fraud, coercion or duress. At no time during those years did she seek judicial relief. It was not until 1937 when she was not employed that she first asserted that she was illegally deprived of her tenure, her civil rights, her state and federal rights. They are mere assertions. There is no proof to support them.

We perceive nothing in principle which distinguishes the case at bar from the holding in the case of *Chalmers* v. *State Board of Education, supra;* and it is binding upon us.

We have examined all other points argued and find them to be without merit.

Accordingly the writ is dismissed and the judgment under review is affirmed.