ISABELLE NORWITZ, PETITIONER-PROSECUTOR, v. BOARD OF EDUCATION OF THE TOWNSHIP OF HARRISON, COUNTY OF GLOUCESTER, NEW JERSEY, DEFENDANT-RESPONDENT.

Argued October 9, 1941—Decided January 24, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Meyer L. Sakin.*

For the respondent, *George B. Marshall.*

The opinion of the court was delivered by

PERSKIE, J.    The basic question requiring decision is whether on the facts of this case prosecutrix was properly denied her claim that she had earned the right to tenure as a teacher in the public schools of respondent.

Prosecutrix was first employed as a teacher by respondent, Board of Education of the Township of Harrison, Gloucester County, at the beginning of the school year of 1931. She taught during the school years of 1931-1932, 1932-1933 and 1933-1934. On May 7th, 1934, she tendered her resignation to take effect May 21st, 1934, which was the first day of the last week of the school term. Her resignation was accepted. Mrs. Ridgway was employed and paid by respondent to teach in place of prosecutrix for the last week of the school term although prosecutrix did appear at school on the last day of the term, for about an hour, and assisted with the details concerning promotions and closing of the term. ·

Thereafter respondent employed prosecutrix for the years 1934-1935, 1935-1936 and 1936-1937. In April of 1937 she

again tendered her resignation to take effect May 17th, 1937. Her resignation was formally accepted on May 3d, 1937. Prosecutrix taught from May 19th, 1937, until the close of the school on May 26th, 1937.

Thereafter prosecutrix was again employed by respondent for the years 1937-1938, 1938-1939 and 1939-1940. On May 15th, 1940, respondent concluded not further to continue the services of prosecutrix and so advised her.

Prosecutrix appealed to the Commissioner of Education challenging respondent's refusal to continue her employment for the school year 1940-1941. The Commissioner sustained the action of respondent and, on further appeal, the State Board of Education affirmed the Commissioner.

Prosecutrix argues here, as she did below, that she had rendered respondent services as a teacher "* * * after employment for three consecutive academic years together with employment at the beginning of the next academic year * * *," and had therefore earned her right to tenure. *N. J. S. A.* 18:13-16. (Chapter 43, *Pamph. L.* 1940, *p.* 125, amending *N. J. S. A.* 18:13-16 is concededly not here applicable.

The proofs fail to support the argument made. Notwithstanding her testimony that she "did not like" to hand in her resignations and did so "unwillingly," there is no suggestion, much less proof, that her resignations were the result of either fraud, or coercion, or duress practiced upon her; nor is there any proof that she ever complained to respondent that her resignations were not intended to be given their simply and clearly stated meaning. Thus while we can readily understand her natural dislike and unwillingness to have made the resignations, yet when, as here, there is nothing to impair the legal efficacy of these resignations, they are, of course, binding.

Let us briefly refer to the circumstances concerning the respective resignations. Prosecutrix makes clear that she does not challenge the accuracy of the holding that her resignation in 1934 constituted a fatal break in the required consecutive number of years of her employment and services; and that the resultant consequences of that break then prop-

erly defeated any claim by her to tenure. She, however, makes equally clear that she does challenge the accuracy of the holding giving a like effect to her resignation in 1937. This challenge is based upon the premise that the circumstances relating to and flowing from her resignation in 1937 are clearly distinguishable from those relating to and flowing from her resignation in 1934, and that these distinguishable circumstances support her claim that she had earned the right to tenure. We do not share that view.

The *modus operandi* was the same in each instance. Respondent asked for each resignation; prosecutrix gave each resignation in writing, and as so given each was formally accepted.

Clearly, the fact that prosecutrix broke the required continuity of her employment and services for one week (five school days) in 1934 and only for two days in 1937 is of no moment. The end sought to be accomplished by the planned and agreed break is obviously the same in each instance. It was to enable respondent to give prosecutrix employment but without giving her the status "like that of the incumbent of a statutory office." *Cf. Phelps* v. *State Board of Education, &c.,* 115 *N. J. L.* 310; 180 *Atl. Rep.* 220; *affirmed,* 116 *N. J. L.* 412; 185 *Atl. Rep.* 8; 300 *U. S.* 319; 81 *L. Ed.* 674. If this end was, as admitted, properly attained by the resignation in 1934, it was likewise properly attained by her resignation in 1937.

There is no merit to the contention that prosecutrix had no knowledge of the fact that her resignation had been accepted. The proofs are to the contrary. Pursuant to the formal acceptance of her resignation, she did not teach on May 17th, and 18th, 1937. The school warrant issued to and accepted by her in payment for the last two weeks of school shows a deduction of $8 for those days. She unquestionably knew that Mrs. Ridgway who was employed by respondent did teach in her place on those days and was paid by respondent for so doing.

Nor is there any merit to the contention that prosecutrix' employment after May 19th, 1937, altered the situation. She was also employed, as we have seen, after her resignation in

1934. Nor was respondent obliged to give thirty-day notice of intention to terminate her contract as therein provided. By her resignation, she made such compliance unnecessary.

The proofs fully support the conclusion that prosecutrix thoroughly understood the terms under which she could continue her services and employment by respondent; that each thoroughly understood their respective rights, and that each freely acted accordingly. We so hold.

We see nothing in principle to distinguish the case at bar from the cases of *Chalmers* v. *State Board of Education,* 11 *N. J. Mis. R.* 781; 168 *Atl. Rep.* 236, and *Ahrensfield* v. *State Board of Education,* 124 *N. J. L.* 231; 11 *Atl. Rep.* (*2d*) 414; *affirmed,* 126 *N. J. L.* 543; 19 *Atl. Rep.* (*2d*) 656, which we hold to be controlling.

The writ is dismissed, with costs.