COUNTY OF OBION and EARL THORPE, Trustee of
Obion County, Tennessee

*v.*

D. W. McKINNIS, JR.

364 S. W. 2d 356

(*Jackson,* April Term, 1962.)

Opinion filed December 7, 1962.

Rehearing Denied February 7, 1963.

PAUL HUDGINS, C. W. MILES, III, Union City, for plaintiffs in error.

HEATHCOCK, ELAM & CLOYS, Union City, for defendant in error.

PER CURIAM.

This is a suit by D. W. McKinnis, Jr., against Obion County, seeking to recover certain money as salary and ex officio services for his service as County Judge of said County.

The office of County Judge of this County was created by Chapter 136, Private Acts of 1891. This Act provided

a salary of $1,000.00 per annum. By Chapter 234 of the Private Acts of 1945, and Chapter 312 of the Private Acts of 1947, a purchasing agent was created with a salary of $2,000.00 per annum. By Chapter 235 Private Acts of 1945, and Chapter 313 Private Acts of 1947, the position of Director of Budgets of the County was created with a salary of $2,000.00 per annum. Both of said positions were to be filed by the County Judge of said County, making in all the sum of $5,000.00 per annum as compensation to the County Judge.

Then by the County Judge Minimum Salary Bill, Chapter 172 of the Public Acts of 1957, codified Sections 8-2414—8-2416 of T.C.A., he was to receive, according to the classification therein, based on a population basis, the sum of $6,500.00 per annum for his services.

The Circuit Judge was of the opinion that the Minimum Salary Act did not repeal the two Acts above referred to providing for $2,000.00 per annum to the County Judge for his services as purchasing agent, and $2,000.00 for his services as Budget Director, and entered a judgment to this effect in favor of the County Judge.

The County has appealed in error here. So the only question we have presented is whether the petitioner below is entitled to the $4,000.00 per annum in addition to the $6,500.00 per annum provided by the Minimum Salary Law.

It is to be observed that the petitioner was the budget officer of said County, and it is inconceivable that he failed to put in the $2,000.00 provided for by the Private Act, and the $2,000.00 provided for him as purchasing agent if he did not feel the $6,500.00 a year minimum salary

under the Acts of 1957 repealed these two Private Acts. In other words, the petitioner was drawing $1,000.00 a year as provided by the Acts of 1891, $2,000.00 as provided by the Private Acts creating a Budget Director, and $2,000.00 a year as purchasing agent, making a total of $5,000.00 per annum.

Then comes the Minimum Salary Law Act of 1957, which had for its effect paying him $1,500.00 per annum more than he received before, or $6,500.00. For three years he made no complaint and did not collect or try to collect this additional $4,000.00 per annum.

■■■ Generally speaking, a party will not be permitted to occupy inconsistent positions or to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts, and another will be prejudiced by this action. 19 Am. Jur, p. 636, Sec. 35.

"An estoppel may operate in favor of the public. In fact, is is said that an estoppel in favor of a public interest will be raised upon circumstances slighter than are requisite to raise an estoppel in favor of an individual." 19 Am. Jur. p. 818. See *Madison v. Ducktown Sulphur, etc., Co.,* 113 Tenn. 331, 83 S.W. 658.

The doctrine of laches and estoppel are closely related especially where, as is the case in most jurisdictions, delay alone is not regarded as constituting laches, but only delay which places another at a disadvantage.

■■■ It results that we think the judgment of the lower court erroneous and is reversed, and the petition herein dismissed at the cost of petitioner.