# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 17, 2011 Session

## SAUNDRA THOMPSON v. MEMPHIS CITY SCHOOLS BOARD OF EDUCATION

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-07-1926-3     Arnold B. Goldin, Chancellor**

---

**No. W2010-02631-COA-R3-CV - Filed January 18, 2012**

---

This is a case involving a teacher who was dismissed without a hearing. Appellee teacher failed to return to work after a sick leave and her employment was terminated by the Appellant school board. When the school board refused to give the Appellee a tenure hearing, she filed a complaint for damages based on the Teachers' Tenure Act and violations of her due process rights. Despite attempts to hold a tenure hearing, no hearing was ever held. On cross-motions for summary judgment, the chancellor reinstated Appellee and awarded her back pay. After a hearing on damages, the chancellor awarded compensatory damages and attorney fees under 42 U.S.C. §1983. School board appeals. We affirm the denial of the school board's motions to dismiss and for summary judgment, but vacate and remand the grant of Appellee's motion for partial summary judgment. Affirmed in part, vacated in part, and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed in Part; Vacated in Part; and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Robert L. J. Spence, Jr., Memphis, Tennessee, for the appellant, Memphis City Schools Board of Education.

Richard L. Colbert and Courtney L. Wilbert, Franklin, Tennessee, for the appellee, Saundra Thompson.

## OPINION

### I. Background

Plaintiff/Appellee Saundra Thompson began teaching as an employee of the Defendant/Appellant Memphis City Schools Board of Education ("the Board') in February of 1987. By the time of the incidents involved in this litigation, Ms. Thompson had attained tenure status. Once Ms. Thompson attained tenure status, she continued working without incident for a number of years; however, in 2004, an incident occurred while at school and Ms. Thompson took sick leave for the remainder of the 2004–05 school year and the entirety of the 2005–06 school year in order to recover.

Ms. Thompson was scheduled to return to work in August 2006; however, Ms. Thompson again requested sick leave, this time from August 7, 2006 to January 2, 2007. The Human Resources Department of the Memphis City Schools informed Ms. Thompson that she would be granted no more sick leave because the sick leave policy only allowed twelve months of leave in succession. Several days later, Ms. Thompson submitted a letter from her physician stating that she could return to work on August 1, 2006. Ms. Thompson did indeed return to work in August, and worked without incident in August, September, and October. Ms. Thompson then requested additional sick leave until January 2, 2007, which was granted.

It is undisputed that Ms. Thompson did not return to work on January 2, 2007. There is a dispute, however, as to whether Ms. Thompson requested additional sick leave after her January 2, 2007 return date had already lapsed.[1] In any event, the Board took no action until approximately ninety-nine days later on April 11, 2007, when Labor Relations Administrator Von W. Goodloe sent a letter to Ms. Thompson informing her that her failure to return from sick leave "warranted" discipline and termination of her employment. The letter stated:

> This letter is the result of the documentation received in the Division of Labor and Employee Relations. According to the documentation, you have not reported to work or contacted your Principal since January 2, 2007. Additionally, you have not applied for a leave of absence through the Division of Human Resources.
>
> I find that discipline is warranted in this case. Therefore, on behalf of the Superintendent, your employment is hereby terminated effective January 2, 2007.

[1] In her deposition, Ms. Thompson stated that she had no recollection of having requested additional sick leave. However, in support of her motion for partial summary judgment, Ms. Thompson's counsel stated that Ms. Thompson had attempted to request more sick leave on January 3, 2007. Attached as an exhibit to the motion for summary judgment was a letter from Ms. Thompson's physician, dated January 3, 2007, asking for an extension of sick leave. Ms. Thompson's attorney submitted an affidavit along with the exhibit, stating that the letter had been produced during discovery from Ms. Thompson's Memphis City School's personnel file. The Memphis City Schools denies that such a request was ever made.

It is undisputed that the letter did not identify which of the five specific offenses listed in Tennessee Code Annotated Section 49-5-511(a)(2)[2] Ms. Thompson was being charged with, did not inform Mr. Thompson that she had thirty days to request a hearing before the Board, as required by Tennessee Code Annotated Section 49-5-512(a),[3] and did not contain the summary of rights from the Commissioner of Education as required by Tennessee Code Annotated Section 49-5-511(a)(5).[4] In addition, prior to this letter, Ms. Thompson never received written notice from the Director of Schools of any charges against her that, if true, would warrant her dismissal.[5]

Shortly thereafter, on April 23, 2007, a staff attorney for the Tennessee Education Association ("TEA") wrote to Dr. Carol Johnson, Director of Schools for the Memphis City Schools, stating that Ms. Thompson, as a tenured teacher, had been fired improperly. The staff attorney pointed out the various deficiencies in the letter, and specifically requested a tenure hearing. This letter went unanswered, as did a June 4, 2007 letter, which again requested a hearing on Ms. Thompson's behalf.

Ms. Thompson filed a complaint for damages on September 28, 2007. In the complaint, Ms. Thompson made two allegations: 1) the termination of her employment was in violation of the Teachers' Tenure Act, Tennessee Code Annotated §§ 49-5-501 to 515; and 2) the termination violated Ms. Thompson's Fourteenth Amendment Due Process Rights.

---

[2] Tenn. Code Ann. §49-5-511(a)(2) only allows a tenured teacher to be dismissed for one of the following reasons: "incompetence, inefficiency, neglect of duty, unprofessional conduct, or insubordination as defined in Tenn. Code Ann. §49-5-501."

[3] Tennessee Code Annotated Section 49-5-512(a) provides that "[a] tenured teacher who receives notification of charges pursuant to § 49-5-511 may, within thirty (30) days after receipt of the notice, demand a full and complete hearing on the charges before an impartial hearing officer selected by the board."

[4] Tennessee Code Annotated Section 49-5-511(a)(5) provides:

If, in the opinion of the board, charges are of such a nature as to warrant the dismissal of the teacher, the director of schools shall give the teacher a written notice of this decision, together with a copy of the charges and a copy of a form, which shall be provided by the commissioner of education, advising the teacher as to the teacher's legal duties, rights and recourse under the terms of this part.

[5] Tennessee Code Annotated Section 49-5-511(a)(4) provides:

When charges are made to the board of education against a teacher, charging the teacher with offenses that would justify dismissal of the teacher under the terms of this part, the charges shall be made in writing, specifically stating the offenses that are charged, and shall be signed by the party or parties making the charges.

Regarding the Teachers' Tenure Act allegations, the complaint sought reinstatement, full back pay and an injunction against the Board preventing it "from bringing any of the charges contemplated in the April 11, 2007, letter against Ms. Thompson at any time in the future." With regard to the due process claim, Ms. Thompson sought compensatory damages and attorney's fees under 42 U.S.C. §1983.

The Board filed its answer on December 21, 2007, denying that Ms. Thompson was a tenured teacher at the time of her dismissal and requesting that the case be consolidated with two other cases against the Board in Division II.[6] This case was transferred to Division II by order of December 12, 2008.

Ms. Thompson moved for partial summary judgment on April 23, 2009. In the motion, Ms. Thompson alleged that there were no material factual disputes, and that the facts were clear that Ms. Thompson, as a tenured teacher, had been dismissed in violation of the Teachers' Tenure Act and basic due process. On October 2, 2009, the Board filed a motion to dismiss Ms. Thompson's due process claim, arguing that Ms. Thompson's complaint failed to state a cause of action under 42 U.S.C. §1983.[7]

Although both parties have, at one time or another, sought to conduct a hearing before the Board during the pendency of this proceeding, no hearing has ever been held. First, in October 2008, the attorneys previously representing the Board notified counsel for Ms. Thompson of the scheduling of a hearing. However, because no notice of charges had ever been sent to Ms. Thompson, and no attempt was made to schedule the hearing at a mutually convenient time, Ms. Thompson refused to participate. The Board retained new counsel, who sent Ms. Thompson a letter on July 31, 2009 informing Ms. Thompson that, although the Board contended that Ms. Thompson was not entitled to a tenure hearing, the Board would go forward with the hearing because Ms. Thompson requested one. On August 18, 2009, Kriner Cash, the Superintendent of the Memphis City Schools, sent Ms. Thompson a written

---

[6] These cases similarly involve alleged violations of the Teachers' Tenure Act and due process; however, they are factually dissimilar to this case. Both were settled out of court.

[7] Usually a motion to dismiss is filed before a responsive pleading. Tenn. R. Civ. P. 12.02 ("A motion making any of these defenses [including the failure to state a claim upon which relief can be granted] shall be made before pleading if a further pleading is permitted."). Accordingly, any motion to dismiss filed after a responsive pleading is deemed waived. *Id.* However, the Board in its answer asserted the affirmative defense that Ms. Thompson's complaint failed to state a claim upon which relief may be granted. A motion to dismiss based on a failure to state a claim upon which relief can be granted may be joined in a responsive pleading. *Id.* ("No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."). Accordingly, the trial court properly considered the Board's motion to dismiss.

notice that charges had been presented to the Board, which, if true, were of such a nature as to warrant her dismissal under the Teachers' Tenure Act. The notice charged Ms. Thompson with incompetence, inefficiency, and neglect of duty. The facts surrounding the charges related not only to Ms. Thompson's failure to return from sick leave, but also to incidents that occurred prior to her taking sick leave in 2004. Attached to the notice was a form notifying Ms. Thompson of her rights. Counsel for the Board then notified Ms. Thompson that a tenure hearing would be held on September 22, 2009. Ms. Thompson again refused to participate in the tenure hearing and sought an injunction from the court to prevent the hearing from going forward, arguing that a hearing over two years after the date of her termination was not an adequate remedy and would not provide appropriate relief for the Memphis City School's alleged due process violations. The Board objected, noting that Ms. Thompson had been requesting a tenure hearing since her dismissal. A hearing on Ms. Thompson's Application for a Preliminary Injunction was held on September 23, 2009. At the conclusion of the hearing, the trial court orally granted the injunction. An order memorializing the trial court's oral grant of the injunction was filed on October 26, 2009, stating that:

> The Court finds that Ms. Thompson is not an employee of the Memphis City Schools and has not been an employee of the Memphis City Schools since her employment ended in 2007. The Court concludes that the procedures in Tenn. Code Ann. §§49-5-511 and 49-5-512 pertaining to dismissal of a tenured teacher do not apply in the case of a teacher who is no longer an employee of the school system, and therefore concludes that the hearing sought to be enjoined would be contrary to law until such time as Ms. Thompson is reinstated as an employee of the Memphis City Schools.

On September 23, 2009, the Board sent Ms. Thompson a letter purporting to reinstate her as an employee of the Memphis City Schools. A hearing was subsequently scheduled on November 6, 2009. At the hearing, however, Ms. Thompson again objected based on the fact that she was still not an employee of the Memphis City Schools because she had not accepted the reinstatement. Because the hearing officer could not determine what the trial court meant by requiring "reinstatement," the hearing officer suspended the proceeding until such time as the trial court clarified its order regarding reinstatement. The Board filed a motion to clarify the order granting the injunction on April 1, 2010. Ms. Thompson filed a response on April 7, 2010, noting that the letter reinstating Ms. Thompson provided her with no assignment, did not ask Ms. Thompson to fill out any necessary paperwork required for employment, and did not award her back pay. The trial court entered an order clarifying the earlier injunction stating that the term "'reinstate' [is to be] construed as the term 'reinstatement' is used in Tenn. Code Ann. §49-5-511(a)(3), requiring the payment of full salary without offset." After this ruling, the Board refused to reinstate Ms. Thompson with

full back pay and there were no further attempts to hold a hearing before the Board.

Also during the pendency of these proceedings, Ms. Thompson filed for bankruptcy, causing the Board to file a motion to stay the proceedings, which was granted on December 2, 2009. The stay was later lifted on February 4, 2010 after the bankruptcy court ordered that this case could proceed. The Board also filed an Application for Judicial Estoppel based on Fraud Perpetrated by the Plaintiff Upon the Court, alleging that Ms. Thompson lied to the bankruptcy court about this action against the Memphis City Schools. The basis of the Memphis City Schools' petition for application of judicial estoppel was based on an error in the bankruptcy petition. In her petition for bankruptcy, Ms. Thompson alleged that she had filed an employment action against the Memphis City Schools and that she had a lawyer provided by the Equal Employment Opportunity Commission ("EEOC"), even though her attorney in the instant action was provided by the TEA. According to both parties, there was no action filed against the Memphis City Schools on Ms. Thompson's behalf other than the action on appeal.

On May 12, 2010, the Board filed its own motion for summary judgment based on the application of judicial estoppel. A hearing was held on July 9, 2010 on the Board's motion to dismiss and both motions for summary judgment. During the hearing, Ms. Thompson made an *ore tenus* motion to conform the pleadings to the evidence to show that the actions of the Board in terminating her employment were based on a policy or custom of the Board. The court orally granted the *ore tenus* motion and denied the Board's motion to dismiss. On August 12, 2010, the court entered an order styled "Order Denying Defendant's Motion to Dismiss Plaintiff's Claim under 42 U.S.C. §1983; Denying Defendant's Motion for Summary Judgment; Granting Plaintiff's Request to Amend her Complaint to Conform to the Evidence in the Record and Granting Plaintiff's Motion for Partial Summary Judgment." The trial court memorialized the earlier grant of Ms. Thompson's *ore tenus* motion to conform the pleadings to the evidence and the denial of the motion to dismiss. The court then concluded that the Memphis City Schools failed to prove its allegations with regard to the judicial estoppel claim and denied the Memphis City School's motion for summary judgment. The court further found that there were no disputes of material fact and granted Ms. Thompson's motion for summary judgment as to her Teachers' Tenure Act claims, stating "[t]here is no evidence in the record that the Board of Education regarded Ms. Thompson as having breached her contract or as having forfeited her tenure." The trial court also found that "Ms. Thompson's physician sent a request for additional leave after January 2, 2007 . . . and that the request was received prior to Mr. Goodloe's April 11, 2007, termination letter." The trial court further held that the Board's failure to provide Ms. Thompson with the statutorily required notice of charges and teacher's rights, as well as a tenure hearing thirty days after requested, were a violation of the Teachers' Tenure Act entitling Ms. Thompson to reinstatement and full back pay to January 2, 2007.

In addition, the court found that Ms. Thompson, as a tenured teacher, was constitutionally entitled to notice of the charges against her and a pre-termination opportunity to reply. Having been deprived of these rights, the trial court concluded that Ms. Thompson made out a claim for compensatory damages and attorney fees under 42 U.S.C. §1983 and ordered a hearing on those damages to be held on August 12, 2010.

Ms. Thompson presented no expert proof on August 12, 2010; instead the court relied on Ms. Thompson's testimony of her mental anguish as a result of her dismissal in awarding Ms. Thompson compensatory damages and attorney fees. By order of November 8, 2010, the trial court awarded Ms. Thompson full back pay under the Teachers' Tenure Act in the amount of $227,802.10, $3,500.00 for "career ladder supplemental pay," credit for thirty-five accumulated sick leave days, all retirement and salary benefits that were to accrue as if Ms. Thompson had never been terminated, $5,000.00 compensatory damages for mental anguish, $80,426.25 for attorney fees, and $8,691.14 for expenses.

The Board appeals.

## II. Issues

The Board raises a number of issues on appeal, which we restate as follows:

1. Whether the trial court erred in denying Appellant's motion to dismiss Appellee's claim under 42 U.S.C. §1983?
2. Whether the trial court erred in granting Appellee's *ore tenus* motion to amend the complaint pursuant to Tennessee Rule of Civil Procedure 15 to "conform to the evidence?"
3. Whether the trial court erred in denying the Appellant's motion for summary judgment for the application of judicial estoppel?
4. Whether the trial court erred in concluding that Ms. Thompson was entitled to a tenure hearing under the Teachers' Tenure Act after failing to return from sick leave?
5. Whether the trial court erred in reinstating Ms. Thompson and awarding her back pay?
6. Whether the trial court erred in its calculation of the back pay award?
7. Whether the trial court erred in enjoining the Board from holding a tenure hearing until Ms. Thompson was reinstated and given back pay without offset?
8. Whether the trial court erred in awarding compensatory damages under 42 U.S.C. §1983?
9. Whether the trial court erred in awarding attorney fees under 42 U.S.C. §1983?

## III. Analysis

## A. Motion to Dismiss

The Board first argues that the trial court erred in denying its motion to dismiss Ms. Thompson's 42 U.S.C. §1983 claim. The Tennessee Supreme Court, in ***Lind v. Beaman Dodge***, Inc., --- S.W.3d ----, 2011 WL 6260862 (Tenn. 2011), recently discussed the standard of review with regard to a motion to dismiss:

> The scope of review after the grant or denial of a motion to dismiss involves a question of law. *See **Trau–Med of Am., Inc. v. Allstate Ins. Co.***, 71 S.W.3d 691, 696–97 (Tenn. 2002). A motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure seeks only to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. *See **Webb v. Nashville Area Habitat for Humanity***, Inc., 346 S.W.3d 422, 426 (Tenn. 2011). The motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. ***Id.***; *see also **Stein v. Davidson Hotel Co.***, 945 S.W.2d 714, 716 (Tenn. 1997). In considering a motion to dismiss, the Court is required to take the relevant and material factual allegations in the complaint as true and to construe liberally all allegations in favor of the plaintiff. ***Stein***, 945 S.W.2d at 716; *see also **Webb***, 346 S.W.3d at 426 (observing that "Tennessee follows a liberal notice pleading standard, which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court" (citation omitted)). Additionally, this Court's review of a trial court's determinations on issues of law is de novo, without any presumption of correctness. ***Frye v. Blue Ridge Neuroscience Ctr.***, P.C., 70 S.W.3d 710, 712 (Tenn. 2002); ***Bowden v. Ward***, 27 S.W.3d 913, 916 (Tenn.2000); ***Ganzevoort v. Russell***, 949 S.W.2d 293, 296 (Tenn. 1997).

***Id.*** at *3.

The Board contends that Ms. Thompson's complaint was fatally deficient because it failed to create a factual basis for Ms. Thompson's due process claims. The Board cites ***Chapman v. City of Detroit***, 808 F.2d 459 (6th Cir. 1986) for the proposition that "[i]t is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law." ***Id.*** at 465. The court goes on to state that "[s]ome factual basis for such claims must be set forth in the pleadings." ***Id.*** However, in this case, Ms. Thompson has asserted several pages of specific factual allegations to support both her Teachers' Tenure Act claim and her due process claim. Specifically, Ms. Thompson stated that she had attained tenure status prior to the termination

or her employment, that she received a letter from a Memphis City School's employee terminating her employment without notice of charges, an opportunity to respond, or any notice of her statutory rights under Tennessee law, and that despite two requests from her attorney, the Board refused to hold a tenure hearing. These detailed factual allegations provided enough factual basis to support her claims.

The Board further asserts that Ms. Thompson failed to sufficiently plead that the deprivation of her property interest occurred as a result of the Board's action. Specifically, the Board's brief argues that Ms. Thompson's complaint fails to state that the termination of Ms. Thompson's employment "occurred as a result of a custom or policy of the Board and identify the policy of the Board under which the alleged deprivation of [Ms. Thompson's] property right occurred" or that the deprivation "occurred because of a random and unauthorized employee of the Board." *See, e.g., Jackson v. Thomas*, No. M2010-01242-COA-R3CV, 2011 WL 1049804, at *4–5 (Tenn. Ct. App. March 23, 2011) (dismissing the complaint because it failed to "allege or identify a policy or custom of [the defendant county] that resulted in the deprivation of any of [the plaintiff's] rights"). Admittedly, there is no specific allegation in Ms. Thompson's complaint that the deprivations were caused by a policy or custom of the Board or by the random and unauthorized act of an employee. However, Ms. Thomson's complaint does allege that all the actions of the Board were both "state action" and were "taken under color of state law." These allegations were then admitted by the Board in their answer to the complaint.

Faced with this argument during the hearing on the Board's motion to dismiss, Ms. Thompson made an *ore tenus* motion to amend the pleadings to conform to the evidence, which included statements by Board employees that it was the policy of the Board at that time to terminate some teachers without affording them tenure hearings. The trial court granted the motion to amend, and, in his later order, stated that "[w]hile it is not clear whether amendment of the Complaint is necessary, the Court finds that the Plaintiff's *ore tenus* Motion to Amend the Complaint to conform to the evidence is well-taken and should be granted." Whether to grant a motion to amend pleadings is within the sound discretion of the trial court, and a reviewing court will not reverse such a decision absent an abuse of discretion. *Conley v. Life Care Centers of America, Inc.*, 236 S.W.3d 713 (Tenn. Ct. App. 2007). A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). We will not overturn the trial court's decision merely because reasonable minds could reach a different conclusion. *Id.* Amendments to conform to the evidence are allowed under Tennessee Rule of Civil Procedure 15.02, which states:

When issues not raised by the pleadings are tried by express or implied consent

of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. . . . If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice that party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The Board asserts that the issue of whether Ms. Thompson's deprivation was caused by a policy or custom of the Board was not tried by express or implied consent. We disagree. The Board admitted in its answer that the actions that deprived Ms. Thompson of her alleged property interest were state action and were under color of state law. Additionally, there can be no prejudice when the Board admitted that the actions alleged were state actions under 42 U.S.C. §1983 at the outset of the litigation. Under these circumstances, we cannot conclude that trial court abused its discretion in granting Ms. Thompson's *ore tenus* motion to conform the pleadings to the evidence. With the complaint thus amended, we affirm the denial of the Board's motion to dismiss.

### B. Cross Motions for Summary Judgment

The Board next argues that the trial court erred in denying its motion for summary judgment based on the application of judicial estoppel.

A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is, therefore, *de novo* with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). "This Court must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied." ***Mathews Partners, L.L.C. v. Lemme***, No. M2008–01036–COA–R3–CV, 2009 WL 3172134, at \*3 (citing ***Hunter v. Brown***, 955 S.W.2d 49, 50–51 (Tenn. 1977)).

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party may accomplish this by either: (1) affirmatively negating an essential element of the non-moving

-10-

party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. ***Hannan v. Alltel Publ'g Co.***, 270 S.W.3d 1, 8–9 (Tenn. 2008). However, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shutup' or even to cast doubt on a party's ability to prove an element at trial." ***Id***. at 8. If the moving party's motion is properly supported, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." ***Id.*** at 5 (citing ***Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993)). The non-moving party may accomplish this by: "(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. 56.06." ***Martin v. Norfolk S. Ry. Co.***, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted).

When reviewing the evidence, we must determine whether factual disputes exist. In evaluating the trial court's decision, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. ***Stovall v. Clarke***, 113 S.W.3d 715, 721 (Tenn. 2003). If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." ***Mathews Partners***, 2009 WL 3172134, at *3 (citing ***Byrd***, 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." ***Byrd***, 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other." ***Id***. "Summary [j]udgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." ***Landry v. South Cumberland Amoco, et al.***, No. E2009–01354–COA–R3–CV, 2010 WL 845390, at *3 (Tenn. Ct. App. March 10, 2010) (citing ***Carvell v. Bottoms***, 900 S.W.2d 23 (Tenn. 1995)). However, if there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition. As stated by our Supreme Court in ***Evco Corp. v. Ross***, 528 S.W.2d 20 (Tenn. 1975):

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He [or she] is to overrule any motion for summary judgment in such cases, because summary

> judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Id*. at 24–25.

The Tennessee Supreme Court recently described the doctrine of judicial estoppel in Tennessee:

> The distinctive feature of the Tennessee law of judicial estoppel (or estoppel by oath) is the expressed purpose of the court, on broad grounds of public policy, to uphold the sanctity of an oath. The sworn statement is not merely evidence against the litigant, but (unless explained) precludes him from denying its truth. It is not merely an admission, but an absolute bar.

***Cracker Barrel Old Country Store, Inc. v. Epperson***, 284 S.W.3d 303, 314 (Tenn. 2009) (quoting ***Marcus v. Marcus***, 993 S.W.2d 596, 602 (Tenn. 1999)). A trial court's application of the doctrine of judicial estoppel presents a question of law which this court reviews *de novo*. ***Frazier v. Pomeroy***, No. M2005-00911-COA-R3-CV, 2006 WL 3542534, at *10–11 (Tenn. Ct. App. Dec. 7, 2006) (citing ***Carvell v. Bottoms***, 900 S.W.2d 23, 30 (Tenn. 1995)).

This Court, in ***Reynolds v. Tognetti***, No. W2010–00320–COA–R3–CV, 2011 WL 761525 (Tenn. Ct. App. March 4, 2011), recently discussed the requirements for the application of judicial estoppel:

> [J]udicial estoppel is a common law doctrine under which "a party will not be permitted to occupy inconsistent positions or to take a position . . . which is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts, and another will be prejudiced." ***Marcus v. Marcus***, 993 S.W.2d 596, 602 (Tenn. 1999) (quoting ***Obion County v. McKinnis***, 211 Tenn. 183, 364 S.W.2d 356, 357 (Tenn. 1962)). Judicial estoppel is "[d]esigned to prevent a party from gaining an unfair advantage." ***Marcus***, 993 S.W.2d at 602 (quoting ***Carvell v. Bottoms***, 900 S.W.2d 23, 30 (Tenn. 1995)).
>
> * * *
>
> In Tennessee, the severity of the rule has been tempered by an exception. [***Sartain v. Dixie Coal & Iron Co.***, 150 Tenn. 633, 266 S.W. 313, 317 (1924)]. "If the party sought to be estopped can show that his previous statement under oath was made inadvertently or through mistake . . . he will not be precluded

by his former statement." *Id.* It has been said that "anything short of a willfully false statement of fact," **D.M. Rose & Co. v. Snyder**, 185 Tenn. 499, 206 S.W.2d 897, 906 (Tenn. 1947), or a "conscious and deliberate perjury," **Echols v. Echols**, No. E2006–02319–COA–R3–CV, 2007 WL 1756711, at *3 (Tenn. Ct. App. June 19, 2007), will not give rise to judicial estoppel.

*Id.* at *4–5 (internal citations omitted).

The Board argues that Ms. Thompson's deposition shows that the lawsuit identified in the bankruptcy petition was, in fact, a separate lawsuit filed on behalf of Ms. Thompson by the EEOC that Ms. Thompson stated she "did not win." The Board argues that, by denying the existence of the instant lawsuit in bankruptcy court, Ms. Thompson can no longer prosecute it. Ms. Thompson, on the other hand, contends that the statements in the original bankruptcy petition and in her deposition were merely misstatements that have since been corrected with the bankruptcy court, which approved Ms. Thompson's bankruptcy plan under the general language "employment cause of action against the Memphis City Schools." There is no evidence in the record that another lawsuit was filed against the Memphis City Schools on behalf of Ms. Thompson by the EEOC or anyone else. Therefore, we conclude that Ms. Thompson's explanation for the mistake is sufficient to excuse the misstatement. Additionally, the Board offers no proof as to how Ms. Thompson gained an "unfair advantage" through the false statement. *See* **Marcus** 993 S.W.2d at 602. Accordingly, we affirm the trial court's denial of the Board's motion for summary judgment based upon the application of judicial estoppel.

We now turn to Ms. Thompson's Teachers' Tenure Act claims. The central issue in this case is whether the Board was entitled to consider Ms. Thompson's failure to return from sick leave as akin to an abandonment of her post, which then may have entitled the Board to terminate Ms. Thompson's employment without a tenure hearing. The Board argues that Ms. Thompson was not entitled to a tenure hearing because, as of the date of her dismissal, she was no longer a tenured teacher. It is undisputed that Ms. Thompson was a tenured teacher, on valid sick leave, prior to January 2, 2007. The Board, however, insists that because Ms. Thompson failed to return from sick leave or properly request additional sick leave, she forfeited her tenure status in the same manner as an employee who resigns.

It is well-settled that tenured teachers may only be dismissed for one or more of five specific offenses. Tenn. Code Ann. §49-5-511(a)(2). These causes are "incompetence, inefficiency, neglect of duty, unprofessional conduct and insubordination." *Id.* In addition, the Teachers' Tenure Act provides other procedural protections for a tenured teacher. The statute states, in pertinent part:

When charges are made to the board of education against a teacher, charging the teacher with offenses that would justify dismissal of the teacher under the terms of this part, the charges shall be made in writing, specifically stating the offenses that are charged, and shall be signed by the party or parties making the charges.

(5) If, in the opinion of the board, charges are of such a nature as to warrant the dismissal of the teacher, the director of schools shall give the teacher a written notice of this decision, together with a copy of the charges and a copy of a form, which shall be provided by the commissioner of education, advising the teacher as to the teacher's legal duties, rights and recourse under the terms of this part.

Tenn. Code Ann. §49-5-511. A teacher who is aggrieved by the decision of the board " may, within thirty (30) days after receipt of the notice, demand a full and complete hearing on the charges before an impartial hearing officer selected by the board." Tenn. Code Ann. §49-5-512(a). Within five days of the receipt of the request for a hearing, the Board must appoint an impartial hearing officer to hear the case. *Id.* at (a)(2). Once the impartial hearing officer renders a decision, the teacher may appeal to the board, based solely upon the record before the hearing officer. *Id.* at (c)(1–3).

If a party still takes issue with the Board's ruling, the party may petition the chancery court for a writ of certiorari. Tenn. Code Ann. §49-5-513. The statute, however, limits the chancery court's review, stating:

The review of the court shall be limited to the written record of the hearing before the board and any evidence or exhibits submitted at such hearing. Additional evidence or testimony shall not be admitted except as to establish arbitrary or capricious action or violation of statutory or constitutional rights by the board.

Tenn. Code Ann. §49-5-513(g).

It is undisputed that, prior to the termination of her employment, Ms. Thompson was not afforded the above protections, including a notice of the charges or a tenure hearing. The Board argues, however, that they may dismiss a teacher, without a hearing, if she breaches her employment contract, thereby forfeiting her tenure status. The Board supports this assertion with the State Leave Act, which states, in pertinent part:

Any teacher on leave shall, at least thirty (30) days prior to the date of return, notify the director of schools in writing if the teacher does not intend to return

-14-

to the position from which the teacher is on leave. Failure to render such notice may be considered breach of contract.

Tenn. Code Ann. §49-5-706. The Board then argues that a breach of contract results in a loss of tenure, citing the "Breach of Contract" section of the Teachers' Tenure Act, which states:

> A teacher shall give the director of schools notice of resignation at least thirty (30) days in advance of the effective date of the resignation. A teacher who fails to give such notice, in the absence of justifiable mitigating circumstances, shall forfeit all tenure status under this part; provided, that the board may waive the thirty (30) days' notice requirement and permit a teacher to resign in good standing.

Tenn. Code. Ann. §49-5-508(a). The Board attempts to draw a parallel between resignation and failure to return from sick leave, citing *Ryan v. Anderson*, 481 S.W.2d 371 (Tenn. 1972). In *Ryan*, the principal of a school resigned, without thirty days advance notice, from a tenured position to take another job. *Id.* at 372. Later he was rehired as a principal; however, after working for a few years, his contract was not renewed. *Id.* He sought a hearing, which he was given, though his witnesses were not allowed to testify. The Board heard the former principal's arguments, but it refused to take any action. The former principal sued, alleging that this violated his due process and tenure rights. Citing a substantially similar statute,[8] the Tennessee Supreme Court concluded that, because the former principal failed to give thirty days advance notice of his resignation, he forfeited his tenure status upon rehiring and, therefore, could not rely on his tenure status to protect his employment. Accordingly, he was not entitled to a tenure hearing upon dismissal.

We note, however, that even non-tenured teachers are entitled to notice of charges and an opportunity to respond before being dismissed. Tennessee Code Annotated Section 49-2-301(b)(1)(GG) states, in pertinent part:

---

[8] The statute at issue in *Ryan* states:

> Notice of resignation—Breach of contract—Permissible breach.—A teacher shall give the superintendent notice of resignation at least thirty (30) days in advance of the effective date of the resignation. A teacher who fails to give such notice, in the absence of justifiable mitigating circumstances, shall forfeit all tenure status under this chapter; provided, that the board may waive the thirty (30) days' notice requirements and permit a teacher to resign in good standing.

Tenn. Code Ann. §49-1408 (1971) (current version at Tenn. Code. Ann. §49-5-508(a)).

The director may dismiss any nontenured, licensed employee under the director's jurisdiction for incompetence, inefficiency, insubordination, improper conduct or neglect of duty, after giving the employee, in writing, due notice of the charge or charges and providing a hearing; provided, that no nontenured, licensed employee under the director's jurisdiction shall be dismissed without first having been given, in writing:

     (a) Notice of the charge or charges;
     (b) An opportunity for a full and complete hearing before an
     impartial hearing officer selected by the board; . . . .

According to this statute, even if Ms. Thompson had breached her contract and thereby forfeited her tenure status, as a non-tenured teacher she may still have been entitled to a hearing. Moreover, this case involves a dispute as to whether Ms. Thompson actually requested more sick leave prior to her termination or whether, in not doing so, she forfeited her tenure. The chancellor suggests that because there was evidence in the Memphis City School's personnel record that Ms. Thompson sent a letter, after January 2, 2007, to the Memphis City Schools requesting more sick leave, that there "could be no dispute" that Ms. Thompson had not voluntarily abandoned her post and thereby breached her contract. However, other evidence in the record show notes in Ms. Thompson's personnel file dated April 9, 2007, two days prior to the termination letter, that state "Ms. Thompson . . . has not filed a leave of absence with HR." In a motion for summary judgment, the trial judge is not permitted to weigh the evidence, and "must accept the nonmoving party's evidence as true, and view both the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to the nonmoving party." ***Shipley v. Williams***, 350 S.W.3d 527 (Tenn. 2011) (internal citations omitted) (citing ***Martin v. Norfolk S. Ry.***, 271 S.W.3d 76, 87 (Tenn. 2008)). Accordingly, it was improper for the chancellor to award Ms. Thompson summary judgment on this issue.

The chancellor went on to award Ms. Thompson back pay and compensatory damages. These damages were also not appropriate on a motion for partial summary judgment. First, the Tennessee Supreme Court has made clear that, where pleadings presented disputed factual issues, a finding that a teacher should be reinstated with full back pay "can be made only after full evidentiary hearing on merits." ***Davis v. Barr***, 1983, 646 S.W.2d 914 (Tenn. 1983). Second, the Tennessee Supreme Court has held that back pay is only appropriate if the dismissed teacher is "reinstated or vindicated" by the board. ***Van Hooser v. Warren County Bd. of Educ.***, 807 S.W.2d 230 (Tenn. 1991) (quoting Tenn. Code Ann. §49-5-511(a)(3)). The Tennessee Supreme Court went on to clarify that reinstatement, as it is used in the statute, refers to "a determination *by the board* that suspension was unwarranted and that the teacher should be restored, that is, made whole in terms of back

pay, as well as employment." *Id.* at 241 (emphasis added). Additionally, review by the chancellor is limited "to the written record of the hearing before the board and any evidence or exhibits submitted at such hearing" unless the evidence shows that the decision by the board was arbitrary or capricious. Tenn. Code Ann. §49-5-513(g). In this case, there was no record of the hearing before the Board for the chancellor to review. For the foregoing reasons, we conclude that remand to the Board for a hearing pursuant to Tennessee Code Annotated Section 49-5-512(a) is appropriate in this case. As such, if Ms. Thompson seeks back pay under the Teachers' Tenure Act[9], she must first participate in the hearing before the Board.

Finally, even Ms. Thompson's due process claims require action by the Board. In order to prevail on a due process claim, Ms. Thompson must show that she was deprived of a property interest without due process. The Tennessee Supreme Court has previously held that "[o]ne form of property interest is a public employee's right to continued employment pursuant to . . . contract, for which, he or she may only be dismissed for cause." *Bailey v. Blount County Bd. of Educ.*, 303 S.W.3d 216 (Tenn. 2010) (citing *Kendall v. Bd. of Educ.*, 627 F.2d 1,4 (6th Cir. 1980) *impliedly overruled in part on grounds not relevant to this discussion, see Pritchard v. Lafferty*, 974 F.2d 1338 n.6 (6th Cir. 1992)). However, in order to determine if Ms. Thompson was deprived of a property interest by her termination, the Board must first determine if Ms. Thompson possessed a property interest in her continued employment at the time the Board took action. The question of whether Ms. Thompson voluntarily abandoned her employment by failing to provide notice that she did not intend to return from sick leave thirty days prior to her return date will be central to the determination of this issue. In addition, if Ms. Thompson is found to possess a property interest in continued employment with the Memphis City Schools, the Board's decision on whether they were legally authorized to terminate Ms. Thompson will affect her damages. The United States Supreme Court, in *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), declined to hold that those deprived of their due process rights are entitled to compensatory damages without proving actual injury. *Id.* at 260. Applying *Carey* to Tennessee tenure law, the Sixth Circuit has held that a dismissed teacher is "not entitled

---

[9] Without considering the merits of Ms. Thompson's case, we note that the trial court awarded Ms. Thompson back pay, as well as $3,500.00 for "career ladder supplemental pay," credit for thirty-five accumulated sick leave days, and all retirement and salary benefits that were to accrue as if Ms. Thompson had never been terminated. This Court has specifically excluded those types of damages from an award of back pay, concluding that under the statute, a vindicated teacher "is not entitled to recover for career ladder benefits, vacation days, sick days, retirement contribution, or social security contribution," as Tennessee Code Annotated Section 49-5-511 provides "no allowance for the recovery of benefits." *Mumford v. Board of Educ. of City of Memphis*, 173 S.W.3d 452, 457 (Tenn. Ct. App. 2004). If the Board or the chancellor on appeal again determines that Ms. Thompson is entitled to back pay, these items should be excluded.

-17-

to relief for the deprivation of her contract right if the Board established that she would have been discharged even if a proper hearing had been held." ***Kendall***, 627 F.2d at 1. Even without proof of actual injury, however, Ms. Thompson may be entitled to nominal damages. ***Carey***, 435 U.S. at 265 (noting that "[b]ecause the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, . . . we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury"). Accordingly, if the Board determines that it was legally entitled to terminate Ms. Thompson's employment, then Ms. Thompson is only entitled to compensatory damages for her actual injuries and nominal damages for the denial of due process itself.[10]

Based on the foregoing, we remand these issues to the chancellor with directions to remand to the Board for a full evidentiary hearing pursuant to Tennessee Code Annotated Section 49-5-512(a) . All other issues are pretermitted. We are mindful that this disposition will further prolong a case that has been pending since 2007. We note, however, that the lack of a hearing before the Board, while certainly first attributable to the Board itself, was compounded by Ms. Thompson's refusal to participate in hearings throughout the proceedings. Therefore, despite the delay, remand is the appropriate remedy in this case.

### V. Conclusion

The judgment of the Chancery Court of Shelby County is affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion. Costs of this appeal are taxed one-half to Appellant Memphis City School Board, and its surety, and one-half to Appellee Saundra Thompson, for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[10] We note that the chancellor did award compensatory damages for Ms. Thompson's actual injury of mental anguish. It is well-settled that a plaintiff may be entitled to compensation for mental anguish caused by the denial of due process. *See* ***Currie v. Haywood***, No. 03-1052-T/AN, 2006 WL 840427, at *7 (W.D. Tenn. March 30, 2006). Additionally, expert testimony is not required to prove emotional distress. ***Turic v. Holland Hospitality, Inc.***, 85 F.3d 1211, 1215 (6th Cir. 1996). "A plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard." ***Id.*** at 1215–16. We take no position as to the merits of Ms. Thompson's claims, including her compensatory damages for the denial of due process.