R. S. BROWN v. L. H. NEWMAN et al.—282 S. W. (2d) 677.

Middle Section. July 29, 1955.

Petition for Certiorari denied by Supreme Court, October 7, 1955.

Robert H. Polk, of Nashville, for complainant.

W. T. Goodall, Jr., of Gallatin, for defendants.

I

SHRIVER, J.   R. S. Brown brought this suit in Chancery Court at Gallatin, Tennessee, against the defendants, constituting the Board of Education of Sumner County, for recovery of his salary for a school year, as damages for alleged breach of his contract as a teacher in the Sumner County schools.

Complainant alleged that he held a permanent teachers certificate issued him by the Department of Education of Tennessee, and that he had taught in the Public Schools of Sumner County, Tennessee, since 1936, and that, under the Teacher Tenure Act of 1951, Sec. 2345.1 et seq., Williams Annotated Code , he was entitled to permanent tenure status, or limited tenure status, which entitled him to continue to teach until he reached retirement age, which was only about one year hence when his employment was terminated.

In March 1954 complainant was notified by the Superintendent of Schools of Sumner County that the Board of Education of the county, by resolution of March 11, 1954, had decided to terminate his contract at the close of the school year, in other words, that he would not be employed for the ensuing year.

Through counsel, complainant then wrote a letter addressed to the Sumner County Board of Education in which he made known his insistence that his contract could not be terminated except for cause and after a hearing by the Board. He further advised that he was available to teach for the following year and would expect his salary for that year.

The defendants filed a plea in bar, (designated as Plea in Abatement) to complainant's bill upon the following grounds: (1) that complainant was properly dismissed as a teacher in accordance with Williams Tennessee Code, Section 2340.1, which provides for written notice from the Board of Education at least thirty days prior to the closing of the school term; (2) that complainant had not qualified for permanent tenure or limited tenure as set forth in the statute in that he had not completed the requisite probationary period, and had not been re-employed by the School Board at the close of his probationary period.

The case was heard by the Chancellor on the plea in abatement and proof of witnesses introduced in court, after issue was joined on said plea.

II

The Statutes involved herein are Sections 2340.1, 2345.-3, 2345.4, 2345.5 and 2345.18, Williams Annotated Code, Supp.

Section 2340.1, Sec. 1, Chap. 147, Acts of 1943, provides that teachers in service and under contract in public schools in Tennessee shall continue in such service until they have received written notice from the Board of Education, of their dismissal or failure of re-election, at least thirty days prior to the close of the school term.

Section 2345.18, Sec. 18, Chap. 76, Acts of 1951, provides:

"It is hereby declared to be the legislative intent that the teachers' continuing contract law, chapter 147, Public Acts of 1943 (2340.1), shall not be construed to be affected by the provisions of this act, except that said continuing contract law shall not apply to teachers who have acquired permanent or limited tenure under this act."

Thus it is seen that the 1951 Teacher Tenure Act specifically provides that the foregoing section of the 1943 Act remain in force and effect.

Section 2345.3, Sec. 3, Chap. 76, Acts of 1951, defines "Types of tenure" and provides that there shall be two types of tenure for teachers now or hereafter employed in the public schools of Tennessee as follows:

"(1) 'Permanent tenure,' shall apply to any teacher who (a) has a degree from an approved four-year college, (b) holds a valid professional certificate based on not less than four years' college training covering the subjects or grades he is teaching, (c) has completed a probationary period of three school years or not less than twenty-seven months within the last five-year period, and the last year to be employed as a regular teacher, and (d) is re-employed by the board for service after the probationary period.

"(2) 'Limited tenure,' shall apply to any teacher who is not classified as having 'permanent tenure,' but, who (a) has completed two years of college (but less than bachelor's degree), and holds a valid professional certificate covering the grades or subjects taught, or holds a valid examination certificate covering the grades or subjects taught regardless of the number of years of college completed, (b) completes a probationary period of three school years or not

less than twenty-seven months within a five-year period, the last school year to be as a regularly employed teacher, and (c) is then reemployed by the board for service after the probationary period.''

Section 2345.4, Sec. 4, Chap. 76, Acts of 1951, provides as follows:

''Probationary period.—Any teacher, otherwise qualified for 'permanent tenure' status or 'limited tenure' status shall serve three years or not less than twenty-seven months within a five-year period as a probationary teacher before acquiring 'permanent tenure' status or 'limited tenure' status;

''Upon completion of the probationary period, any teacher who is reemployed or retained in the system is entitled to the tenure status for which she is qualified by college training and certification.''

### III

The Chancellor in his well reasoned opinion found the following facts:

''The complainant has taught in the public schools of Tennessee from 1932 until the close of the 1953-1954 school year, and holds a valid professional teaching certificate issued to him by the Department of Education of the State of Tennessee. A school year in this State begins on July 1, of a given year, and ends June 30th of the following year, during which an actual teaching period of nine months is required, and teachers are compensated for ten months during said school year. Complainant had been employed by the County Board of Education of Sumner County, Tennessee, and had taught school in said county for about 17 years prior to the termination of his contract as hereinafter set out. His teaching period

during the school year 1953-1954 commenced about the middle of August, 1953, and was concluded about May 6th, 1954, and his compensation was $254.00 per month for a period of ten months during said school year, making a total compensation of $2540.00 for the entire school year.

"On March 11, 1954, the Sumner County Board of Education, in regular session, passed a resolution terminating the contract of the complainant as a teacher in the public schools of said county effective at the close of the 1953-1954 school year, and the County Superintendent of Schools, who also serves as Secretary of said Board, was directed to notify the complainant accordingly. Pursuant to said action of the County Board of Education, the county Superintendent of Schools of said county wrote a letter, under date of March 12, 1954, to the complainant as follows:

" 'Mr. W. S. Brown

" 'Fountain Head, Tennessee

" 'Dear Mr. Brown:

" 'The Sumner County Board of Education in session March 11, 1954, passed a resolution ordering me as superintendent to notify you of their intention to terminate your contract at the close of this school year. I, therefore, take this means of notifying you of said termination.

" 'Respectfully

" 'V. G. Hawkins, Superintendent

Sumner County Schools.'

"It appears that this letter was duly mailed and that it was received by the complainant more than thirty days prior to the close of the school term for that year. Some time after receipt of said letter, the

complainant had an attorney reply to the same stating that it was his insistence that the contract could not be terminated unless cause is shown and a hearing had, and further that if the Board seeks to terminate the contract such would be against his wishes, and that he is available to teach and shall expect his salary for the school year.

"No charges were preferred against the complainant by the Sumner County Board of Education, and no hearing relative to the termination of said contract was had and none was requested.

"The complainant was not reemployed as a teacher by the Sumner County Board of Education after the termination of his contract as aforesaid."

## IV

Complainant assigned errors as follows:

"I. The Chancellor erred in holding that appellant was not covered and protected by the provisions of Code Section 2345.1 et seq., and was subject to Code Section 2340.1.

"II. The Chancellor erred in holding that appellant and all other Teachers must begin a probation period from and after July 1, 1951, the effective date of the Teacher Tenure Act of 1951.

"III. The Chancellor erred in sustaining ground #1 of the plea in abatement, that complainant, R. S. Brown, was properly dismissed as a teacher in accordance with Williams Tennessee Code Section 2340.1 which provides for written notice from the Board of Education at least 30 days prior to the closing of the school term.

"IV. The Chancellor erred in sustaining ground #2 of the plea in abatement, that complainant, R. S.

Brown, had not qualified for permanent or limited tenure as set forth by Williams Code Sections 2345.1, through 2345.18, in that said complainant had not completed the requisite probationary period and had not been re-employed or retained by said school board of Sumner County, Tennessee, as set forth by Section 2345.4 of the Williams Code of the State of Tennessee.''

## V

The determinative question is whether or not the complainant was qualified for permanent or limited tenure under the said Act, and whether his status as a public school teacher brings him within the protective provisions of the Act. This necessarily requires a construction of the applicable provisions of the foregoing statutes.

The Chancellor concluded that, from the proof in the record, the complainant had completed his probationary period of three school years, or not less than twenty-seven months of service, under the Act, but the complainant was not reemployed by the Board and was not retained in the school system after the said probationary period, therefore, complainant did not come within the provisions of said Teacher Tenure Act and is not entitled to any tenure status under the Act.

The Chancellor pointed out that the Act in question became effective on July 1, 1951, and it was the opinion of the Court that the probationary period required of all teachers qualifying under said Act, began on that date as to all teachers regularly employed in the public school system at that time, and on the date of their employment as to all teachers subsequently employed.

While it seems a harsh rule that the Board of Education of Sumner County has invoked, and, unless there was some very compelling and sufficient reason, it does

not seem to the Court that the Board should have dismissed the complainant from service within about a year of the time that he would have been eligible to retirement. Nevertheless, the Court is compelled to conclude that, under existing statutes, the Board had the power and authority to do the thing that it did do in this case.

It must be remembered that the 1951 Act, in question, did not take away any of complainant's rights as a teacher. It left in force, Sec. 1 of the 1943 Act, Code Sec. 2340.-1, providing for written notice at least thirty days before the close of the school term, of dismissal or failure to reelect for the ensuing school year; and this was complied with by the Board.

Under Section 4 of the 1951 Act, Code Sec. 2345.4, when same became effective, teachers were required to serve three years, or not less than twenty-seven months, as probationary teachers before acquiring permanent or limited tenure status.

"Upon completion of the probationary period, *any teacher who is reemployed or retained in the system* is entitled to the tenure status for which she is qualified by college training and certification."

Thus, it is seen that complainant, at best, only finished his probationary period under the 1951 Act, and had not acquired tenure status so as to be entitled to the other protective provisions of that Act.

He was still subject to dismissal on thirty days written notice before the end of the school term.

## VI

The assignments of error are overruled and the judgment of the Chancellor is affirmed with costs.

Felts and Hickerson, JJ., concur.