Frederick RYAN, Appellant,

v.

Ralph L. ANDERSON, Superintendent of Schools of Hawkins County, Tennessee, et al., Appellees.

Supreme Court of Tennessee.

June 5, 1972.

Charles Hampton White, Nashville, for appellant.

Phillip Larry Boyd, Rogersville, for appellees.

OPINION

CRESON, Justice.

The record in the instant case involves a suit instituted by appellant to review the

refusal of the Hawkins County Board of Education to renew appellant's contract for the 1970–1971 academic year. The Chancellor found that appellant did not have tenure and dismissed the cause. From the adverse final decree of the trial court, appellant has seasonably perfected an appeal to this Court pursuant to T.C.A. § 49–1417.

In the course of this opinion the parties will be referred to as they appeared in the trial court; that is, Frederick Ryan, as complainant; and Ralph L. Anderson, Superintendent of Schools of Hawkins County, Tennessee; Frank T. Williams, Joe Price, Zack Goins, Roy Greene, Bob McKee, Dennis Carpenter, and Don Stanfill, members of the Hawkins County Board of Education; and the Board of Education of Hawkins County, Tennessee; as defendants.

In his original bill complainant alleges that he was a permanent tenure teacher in the Hawkins County School System; that in May, 1970, complainant was advised by defendant Anderson "that his contract would not be renewed for the 1970–71 school year"; that complainant wrote the Hawkins County Board of Education requesting specific reasons for his dismissal and a hearing before the Board of Education; that defendants never furnished complainant any reasons for the non-renewal of his contract for the 1970–71 school year; that on August 7, 1970, complainant was allowed to appear before the Board of Education but several witnesses who had accompanied him to the meeting were not allowed to testify; and that the action of defendants constitutes a dismissal in violation of T.C.A. § 49–1401 et seq.

Answering the allegations against them, defendants deny that complainant was a permanent tenure teacher in the Hawkins County School System. Defendants deny that the non-renewal of complainant's contract for the school year 1970–71 violated any of complainant's rights under T.C.A. § 49–1401 et seq.

The record reflects that complainant was employed in the Hawkins County School System from September, 1956, to December, 1964, as a physical education instructor. On December 30, 1964, complainant severed the employment relationship and accepted an appointment as postmaster at Persia, Tennessee. When complainant left the Hawkins County School System in 1964, he had acquired permanent tenure status.

On December 27, 1967, complainant was re-employed by the Hawkins County Board of Education as a physical education teacher at Rogersville High School. Complainant served in this capacity until June, 1968. The Hawkins County Board of Education employed complainant as principal of Rogersville High School for the 1968–1969 academic year. Complainant was re-elected and served as principal of Rogersville High School for the 1969–1970 school year.

On May 1, 1970, the Hawkins County Board of Education refused to renew complainant's contract for the 1970–1971 school year. After receiving notice of the action of the Board of Education, complainant requested that defendants furnish him specific reasons why his contract had not been renewed. Complainant further requested a hearing before the Hawkins County Board of Education. Defendant Anderson advised complainant that no formal charges had been placed against him.

On August 7, 1970, complainant met with the Hawkins County Board of Education to give his "side" of the matter. At this meeting the Board of Education advanced no reasons why complainant's contract was not renewed for the 1970–1971 school year. After complainant addressed the Board of Education, it adjourned without taking any action as to complainant. On August 17, 1971, written request was made to the Hawkins County Board of Education by complainant to advise "what disposition was made of his case". When the Board refused to comply with his request complainant instituted the instant suit.

During the trial of this cause the controversy between the parties narrowed to two points. They are: (1) Did complainant lose his permanent tenure status in 1964 when he severed his employment relationship with the Hawkins County School System; and (2) if complainant lost permanent tenure status in December, 1964, did he reacquire permanent tenure when he was re-employed by the Hawkins County Board of Education in December, 1967, and taught for a period of twenty-seven months.

The Chancellor determined that complainant lost permanent tenure in the Hawkins County School System by failing to give proper notice of resignation when he accepted the postmastership at Persia, Tennessee, in December, 1964, and that complainant had not reacquired permanent tenure by teaching for a period of twenty-seven months since his re-employment by the Hawkins County Board of Education in December, 1967. The Chancellor further determined that complainant did not have a right to judicial review of the Board of Education's refusal to re-elect him, under this Court's decision in Shannon v. Board of Education of Kingsport (1955) 199 Tenn. 250, 286 S.W.2d 571. The Chancellor's decision is based on the provisions of T.C.A. § 49–1408, which are:

"*Notice of resignation—Breach of contract—Permissible breach.*—A teacher shall give the superintendent notice of resignation at least thirty (30) days in advance of the effective date of the resignation. A teacher who fails to give such notice, in the absence of justifiable mitigating circumstances, shall forfeit all tenure status under this chapter; provided, that the board may waive the thirty (30) days' notice requirements and permit a teacher to resign in good standing.

Any teacher who breaks a contract with a board of education without a justifiable reason as listed in this section shall not be given permanent tenure status in any other school system in the state of Tennessee until such teacher has met all of the requirements in such system for attaining such permanent status plus the serving of five (5) continuous years in lieu of the three (3) continuous years required in § 49–1402, provided that the local board of education against which such teacher has broken a contract shall inform the state commissioner of education of such breach of contract and shall request him to so notify, all local boards of education in the state of Tennessee, provided further that such local board of education may later inform the state commissioner of education that it is no longer holding the breach of contract against the teacher, in which event such local board of education shall request the state commissioner of education to so notify all local boards of education in the state of Tennessee. If, and when such local board of education informs the state commissioner of education that it is no longer holding the breach of contract against the teacher, the penalty as set forth in this paragraph against such teacher shall immediately become ineffective, null and void.

The conditions under which it is permissible to break a contract with a county, city, or special district board of education are as follows:

(1) The incapacity on the part of the teacher to perform the contract as evidenced by the certified statement of a physician approved by the local board of education.

(2) The drafting of the teacher into military service by a selective service board.

(3) The release by the local board of education of the teacher from the contract which the teacher has entered into with such local board of education."

From the adverse decree of the trial judge complainant has seasonably perfected an appeal to this Court. Complainant has filed numerous assignments of error which distill to three questions. They are:

(1) Did the Chancellor err in holding that complainant lost his permanent tenure status in December, 1964; (2) did the Chancellor err in concluding that complainant had not regained permanent tenure after having taught twenty-seven months after his re-employment in December, 1967; and (3) did the Chancellor err in determining that Shannon v. Board of Education of Kingsport, supra, barred judicial review of the non-renewal of complainant's contract.

In State v. Yoakum (1956) 201 Tenn. 180, 297 S.W.2d 635, this Court noted that the basic purpose of the Teacher Tenure Act, T.C.A. § 49–1401, et seq., is to afford a measure of job security to those educators who have attained tenure status. The General Assembly recognized that the efficient administration of the local educational systems of this State requires stability of programs and trained personnel.

In T.C.A. § 49–1408 the Legislature recognized that under certain circumstances a teacher could break a contract with a board of education and retain tenure status by giving "notice of resignation at least thirty (30) days in advance of the effective date of the resignation." The statutory penalty for failure to give the required notice is forfeiture of "all tenure status" under the Teacher Tenure Act. The legislative purpose of the notice of resignation requirement is to give a board of education an opportunity to employ a trained person to replace the teacher resigning.

■ In the case at bar the Chancellor held that complainant lost his tenure status in the Hawkins County School System by failing to give proper notice of resignation when he left his teaching duties to accept the postmastership at Persia, Tennessee. After reviewing the record in the instant case we are convinced that the Chancellor reached the correct conclusion. The record in the instant case is devoid of any evidence to show that complainant ever submitted a notice of resignation to the superintendent thirty days in advance of leaving the employment of the Hawkins County Board of Education. The record reflects that in late November, 1964, approximately a month prior to accepting the postmastership at Persia, Tennessee, complainant had a conversation with the then Superintendent of Schools of Hawkins County, J. O. Harville. The record, however, does not reflect that complainant notified Harville that he was severing the employment relationship with the Hawkins County School System on a certain date. This information must be communicated to the superintendent of schools under T.C.A. § 49–1408 to comply with the notice of resignation requirement and to accomplish the purpose of our statute.

Under the second question presented in the case at bar it is asserted by complainant that he acquired permanent tenure status since his re-employment by the Hawkins County Board of Education in December, 1967. Complainant asserts that he has served for a period of twenty-eight months after resuming his employment with the Hawkins County School System. Complainant was employed as a physical education instructor for a period of six months during the 1967–68 school year. During the 1968–1969 academic year he was employed as principal of Rogersville High School for an eleven-month period, and he served in the same capacity for the same length of time during the 1969–1970 school year. Complainant argues that under T.C.A. § 49–1402(1) permanent tenure status is conferred upon a teacher after twenty-seven months of service in a school system.

In response to complainant's assertion, defendants argue (1) that under T.C.A. § 49–1408 complainant is required to serve for five years to regain permanent tenure because complainant breached his contract of employment in December, 1964, and (2) even if the provisions of T.C.A. § 49–1408 are not applicable to the case at bar then T.C.A. § 49–1402(1) requires service for a period of "three (3) school years".

■ The provisions of T.C.A. § 49–1408 quoted above require a teacher who has breached a contract of employment with a board of education to serve "five (5) continuous years" as a prerequisite for being given permanent tenure status *"in any other school system in the state of Tennessee."* Since by its express terms the statute in question applies only to teachers acquiring permanent tenure in another school system in this state after breach of employment contract and the statute does not set forth the required length of service by a teacher to reacquire permanent tenure in the school system with which the employment contract was breached, we hold that the provisions of the second paragraph of T.C.A. § 49–1408 are inapplicable to the case at Bar. Thus, in order to answer the second question presented in the instant case we must turn to the provisions of T. C.A. § 49–1402(1), which sets forth the requirements for acquiring permanent tenure as follows:

" 'Permanent tenure' shall apply to any teacher who (a) has a degree from an approved four (4) year college, (b) holds a valid professional certificate based on not less than four (4) years college training covering the subjects or grades he is teaching, (c) has completed a probationary period of three (3) school years or not less than twenty-seven (27) months within the last five (5) year period, and the last year to be employed as a regular teacher, and (d) is reemployed by the board for service after the probationary period."

■ While complainant was employed by the Hawkins County Board of Education for a sufficient length of time to complete the probationary period referred to in T.C. A. § 49–1402(1) (c), this fact alone does not establish that complainant has satisfied all of the requirements to attain permanent tenure status. Beyond any peradventure of doubt the record in the instant case discloses that complainant was not re-employed by the Hawkins County Board of Education after the probationary period. Under our statute complainant could not reacquire permanent tenure status in the Hawkins County School System until he was re-elected by the Board of Education. State ex rel. Stewart v. Lunsford (1960) 207 Tenn. 33, 336 S.W.2d 20; Brown v. Newman (1955) 39 Tenn.App. 341, 282 S.W.2d 677.

In reference to the third issue presented it is asserted by complainant that the trial judge erred in determining that complainant did not have a right to judicial review of the failure of the Hawkins County Board of Education to re-elect him for the 1970–1971 school year under this Court's decision in Shannon v. Board of Education of Kingsport, supra. Complainant argues that "the trend of the law in this country" is contrary to our holding in Shannon v. Board of Education of Kingsport, supra. It is contended that we should overrule the *Shannon* case.

■ We have carefully examined the numerous cases relied on by complainant in support of his assertion that this Court's opinion in *Shannon* is out of step with the times. We found no merit in complainant's position. The Chancellor correctly applied the principles announced in Shannon v. Board of Education of Kingsport, supra, in determining that complainant had failed to set forth a proper case for judicial review.

It results that all assignments of error are overruled, and the decree of the trial court is affirmed. The costs of this appeal are taxed to appellant.

DYER, C. J., CHATTIN and McCAN-LESS, JJ., and JENKINS, Special Justice, concur.