Edward A. COX, Superintendent of Schools of Maury County, et al., Appellants,

v.

Nancy Hull PERKINS, Appellee.

Supreme Court of Tennessee.

Aug. 20, 1979.

William H. Dale, Columbia, for appellants; Tomlinson & Dale, Columbia, of counsel.

Robert W. Knolton, Columbia, for appellee; Hardin & Knolton, Columbia, of counsel.

## OPINION

BROCK, Chief Justice.

Nancy Hull Perkins, a teacher in the public schools of Maury County, brings this action pursuant to T.C.A., § 49–1417, against the Superintendent of Schools and the Board of Education of Maury County contesting her discharge from a teaching position in the Maury County public schools. The defendants have advanced no reason for the discharge but defend upon the ground that the teacher did not have tenure rights and, therefore, could be discharged without cause. The case was submitted to the Chancellor for decision upon motions for summary judgment filed by both sides and the Chancellor decided the case in favor of the teacher, awarding reinstatement and back pay. The defendants have appealed.

It is conceded that the plaintiff was employed as an elementary school teacher by the Maury County Board of Education for a period of five years from 1968 thru 1973 and that she, accordingly, acquired the status of permanent tenure. But on May 3, 1973, the teacher wrote a letter to the Superintendent of Education for Maury County in which she tendered her resignation as of June 4, 1973, for the stated purpose of going into business for herself. This resignation was duly accepted by the Maury County Board of Education. After a lapse of two years, the Maury County Board of Education re-employed the plaintiff for the school years 1975–76 and 1976–77, but the Board refused to employ the plaintiff for the school year 1977–78. The plaintiff protested her discharge and was accorded a formal hearing before the Maury County Board of Education resulting in a determination by that Board that she would not be re-employed. The plaintiff thereupon filed this action seeking to review and reverse the action of the Board.

Thus, the question presented for our decision is whether the plaintiff teacher was protected by tenure at the time of her discharge in 1977. This issue is purely a legal one, there being no disputed issues of fact.

The Board contends that by resigning in May, 1973, the plaintiff waived or lost her rights of tenure. The Board relies primarily upon the language of T.C.A. § 49–1401(4)(a), which provides:

" 'Permanent tenure' refers to a term and condition of tenure, extending from the time when the teacher acquires the status of permanent tenure until such time as the teacher arrives at the maximum age set forth in this chapter, resigns, retires or is dismissed under provisions of this chapter."

The Board also relies upon certain decisions of the courts of other states, e. g., *Pitcher v. Iberia Parish School Board,* La.App., 280 So.2d 603, *cert. denied,* 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 109 (1973); *Gardner v. Hollifield,* 96 Idaho 609, 533 P.2d 730 (1975); *Norwitz v. Board of Education of Harrison TP.,* 128 N.J.L. 13, 23 A.2d 913 (1942).

The plaintiff teacher argues that T.C.A., § 49–1401(4)(a), above quoted, when read in conjunction with T.C.A., § 49–1408, as construed by this Court in *Ryan v. Anderson,* Tenn., 481 S.W.2d 371 (1972), does not provide that her resignation resulted in the loss of tenure status. The portion of T.C.A., § 49–1408, which is of particular pertinence here is as follows:

"A teacher shall give the superintendent notice of resignation at least thirty (30) days in advance of the effective date of the resignation. A teacher who fails to give such notice, in the absence of justifiable mitigating circumstances, shall forfeit all tenure status under this chapter; provided, that the board may waive the thirty (30) days' notice requirements and permit a teacher to resign in good standing."

The plaintiff gave the thirty days' notice of resignation as required by this section and argues, of course, the only reasonable construction of this statutory provision is that one who resigns without giving the

thirty days' notice as required forfeits rights of tenure but that one who complies with the notice requirement does not lose tenure status by resignation.

We have concluded that the plaintiff's contentions are correct. These same statutes were construed by this Court in *Ryan v. Anderson, supra,* a case in which the facts were almost identical to the facts in the instant case, except for one significant difference, *viz.,* in *Ryan* the teacher had failed to give the thirty days notice of resignation, whereas, in the case at bar the plaintiff did give the thirty days' notice of resignation required by T.C.A., § 49–1408. In the *Ryan* opinion, the Court said:

"In *State v. Yoakum* (1956) 201 Tenn. 180, 297 S.W.2d 635, this Court noted that the basic purpose of the Teacher Tenure Act T.C.A., § 49–1401, et seq., is to afford a measure of job security to those educators who have attained tenure status. The General Assembly recognized that the efficient administration of the local educational systems of this State requires stability of programs and trained personnel.

"In T.C.A. § 49–1408 the Legislature recognized that under certain circumstances a teacher could break a contract with a board of education and retain tenure status by giving 'notice of resignation at least thirty (30) days in advance of the effective date of the resignation.' The statutory penalty for failure to give the required notice is forfeiture of 'all tenure status' under the Teacher Tenure Act. The legislative purpose of the notice of resignation requirement is to give a board of education an opportunity to employ a trained person to replace the teacher resigning." 481 S.W.2d at 374.

Because in *Ryan* the record was "devoid of any evidence to show that complainant ever submitted a notice of resignation to the superintendent thirty days in advance of leaving the employment of the Hawkins County Board of Education" it was there held that the teacher had lost tenure status by resigning without giving the notice. But, as shown by the above quotation from that opinion, the Court recognized that

". . . a teacher could break a contract with a board of education and retain tenure status by giving 'notice of resignation at least thirty (30) days in advance of the effective date of the resignation.'"

We adhere to the view expressed in *Ryan* that a teacher who enjoys permanent tenure status does not lose that status by resignation, provided the thirty (30) days notice of resignation is given as required by T.C.A., § 49–1408.

The Board cites respectable authority from other states which we have examined but we find it to be of little assistance because the statutes construed in those cases differ from ours in that they contain no provision equivalent to that in T.C.A., § 49–1408, which we have quoted above.

It is our conclusion that the plaintiff enjoyed permanent tenure status at the time of her discharge in 1977 and, therefore, could not be dismissed except for one of the causes specified in T.C.A., § 49–1412. Since no such cause is alleged, the plaintiff's discharge in this case was unlawful and entitles her to the relief of reinstatement and back pay as awarded by the Chancellor.

Our decision should not be interpreted to mean that a teacher who enjoys permanent tenure status and who resigns upon complying with the notice provisions of T.C.A., § 49–1408, may *require* re-employment by the board following such resignation. We merely hold that such a teacher, *if re-elected by the Board* following such a resignation, continues to have the rights of tenure which he or she enjoyed prior to the resignation.

The decree of the Chancellor is affirmed and costs are taxed against the appellants.

FONES, COOPER, HENRY and HARBISON, JJ., concur.