The Honorable John Frank Gibson Prosecuting Attorney Tenth Judicial District P.O. Box 573 Monticello, Arkansas 71655
Re: Request for Opinion
Dear Prosecuting Attorney Pope:
This letter is in response to an opinion request in which the following question was posed:
 Does a city law enforcement officer, certified by the Arkansas Law Enforcement Standards Commission, have lawful authority to stop and arrest a person he observes committing a traffic violation outside the city limits of the municipality which employs him?
Under Ark. Stat. Ann. 43-402 (1977), and A.R.Cr.P. Rule 4.1, an arrest may be made by a police officer or an private person. A police officer can make a warrantless arrest only when an offense or a traffic violation has been committed in his presence, or where he has reasonable grounds for believing the person has committed a felony. Ark. Stat. Ann 43-403 (Repl. 1977); Rule 4.1. It has been held that a police officer also has the duty and authority to make an arrest for a misdemeanor committed in his presence. Williams v. State, 253 Ark. 973, 490 S.W.2d 117 (1973). See, also, Rule 4.1(a)(iii). However, this is applicable only when such offense occurs within the officer's bailiwick.
Under Ark. Stat. Ann. 43-402 (1977), and A.R.Cr.P. Rule 4.1, an arrest may be made by a police officer or a private person. A police officer can make a warrantless arrest only when an offense or a traffic violation has been committed in his presence, or where he has reasonable grounds for believing the person has committed a felony. Ark. Stat. Ann. 43-403 (Repl. 1977); Rule 4.1. It has been held that a police officer also has the duty and authority to make an arrest for a misdemeanor committed in his presence. Williams v. State, 253 Ark. 973, 490 S.W.2d 117 (1973). See, also, Rule 4.1(a)(iii). However, this is applicable only when such offense occurs within the officer's bailiwick.
When an officer makes an arrest outside his bailiwick, he does so as a private citizen. Under Ark. Stat. Ann. 43-404 (Repl. 1977), and Rule 4.1(b), a private person can make an arrest where he has reasonable grounds for believing that the person arrested has committed a felony. See Harris v. State, 170 Ark. 1073,282 S.W.2d 680 (1926). One exception is when the officer is in fresh pursuit of a person reasonably believed to have committed a felony in the state. Ark. Stat. Ann. 43-501 (Repl. 1977). A police officer under such circumstances has the authority to arrest and hold in custody such a person anywhere in Arkansas.
Thus, it appears that for an officer to arrest outside his bailiwick, he must be in fresh pursuit, or he must do so as a private citizen and then only when he has reasonable grounds for believing the person arrested has committed a felony. There exists no authority for a citizen's arrest for a misdemeanor offense. Since a traffic violation is usually a misdemeanor, a city police officer would normally not have the authority to make an arrest of someone he observes committing a traffic violation outside the city limits. The only possible exception to this rule would be in the rare case of a felony traffic offense, such as fourth offense driving while intoxicated (DWI) charge under Ark. Stat. Ann. 75-2504(b)(3) (Supp. 1985). That case presupposes of course the officer's knowledge of the three prior DWI convictions sustained within the three years previous to the arrest.
This official opinion, which I hereby approve was written by Assistant Attorney General Theodore Holder.