KAREN NELSON MOORE, Circuit Judge,
dissenting.
Under the majority’s reading of the Tennessee Teacher Tenure Act (“the Act”), a teacher needed to pass three steps to become a tenured teacher in May 2011; Step One, be recommended by the director of schools to the board of education for tenure; Step Two, be elected by the board for tenure; and Step Three, satisfy the eligibility requirements of Tennessee Code Annotated § 49-5-503 (2010),[1] specifically being “reemployed by the board for service after the probationary period.” See Majority Op. at 453-54. Preston Barbee— according to the majority — passed Step One, might have passed Step Two, but definitely failed Step Three, because he was not reemployed for the 2011-2012 school year and, thus, was never eligible for tenure. Such conclusions, however, require the suspension of logic, an inversion of the relationship between the board and the director of schools, and a conflation of various versions of the Act. I cannot follow this approach, and therefore, I respectfully dissent.
First, the majority’s decision that Bar-bee satisfied Step One but failed Step Three makes little logical sense: a teacher must already be eligible for tenure to pass Step One. Director Houston admitted that he recommended Barbee for tenure, meaning that Barbee passed Step One. See R. 37-3 (Houston Dep. at 15:24-16:8) (Page ID # 253-54). Under the Act, however, the director of schools is given only the power to “[r]eeommend to the board teachers who are eligible for tenure....” § 49-2—301 (b)(1)(J) (emphasis added). The statute says nothing about recommending teachers who might be tenure-eligible in the future. Furthermore, the Act allows the board to “[e]lect, upon the recommendation of the director of schools, teachers *460 who have attained or are eligible for tenure.” § 49-2-203(a)(l) (emphasis added). There is no separate recommendation for, or a vote on, tenure eligibility. If Director Houston and the board were compliant with the Act, they must have considered Barbee already eligible on April 11, 2011, and it appears that they did. According to the board meeting minutes, “[t]he following eligible teachers [including Barbee] were presented for tenure,” and there was a motion to “approve the eligible teachers....” R. 38-1 at 54, 55 (Bd. Meeting Mins. at 1, 2) (Page ID # 424, 425). Still, the majority claims that Barbee was not tenure-eligible because he was not reemployed for the 2011-2012 school year. See Majority Op. at 455-56. Given this record and the statutory scheme, though, it is quite odd to say that Barbee cleared Step One but failed Step Three when Step One requires a teacher to be eligible for tenure before the director of schools recommends him to the board.
Second, the majority’s reading of the Act and the events in this case inverts the relationship between the board and the director of schools. As noted above, a board member moved to “approve” Barbee for tenure on April 11, and the motion “carried by all in attendance.” R. 38-1 at 55 (Bd. Meeting Min. at 2) (Page ID #425). According to the majority, the passage of this motion granted Barbee “provisional tenure,” which would vest upon Director Houston’s decision to offer Barbee a contract for the 2011-2012 school year. Majority Op. at 455-56. This understanding is incorrect for two reasons. One, the concept of “provisional tenure” appears nowhere in the Act, and it even conflicts with the majority’s statement that “a teacher is either tenured or not tenured.” Id. at 453. Two, and more fundamentally, this notion of provisional tenure subject to the director’s discretion conflicts with the plain language of the Act and Tennessee case law. Two decades ago, Tennessee passed the Education Improvement Act, 1992 Tenn. Pub. Ch. 535, which “implemented a corporate model of governance and replaced the elected superintendent position with a director of schools, appointed by and answerable to the board.” Lawrence Cnty. Ed. Ass’n v. Lawrence Cnty. Bd. of Educ., 244 S.W.3d 302, 310 (Tenn.2007) (citing Tenn.Code Ann. § 49-2-301 (2002 & Supp.2007)) (emphasis added). While the majority is correct that Director Houston has the power to “employ, transfer, suspend, nonrenew and dismiss all personnel,” the majority incorrectly truncated its quotation of the Act, because the Act continues: “except as provided in § 49-2-203(a)(l) and in chapter 5, part 5 of this title.” § 49-2-301(b)(l)(EE). Section 49-2-203(a)(l) and chapter five govern teacher tenure, meaning that the Act explicitly makes the director subordinate to the board when teacher tenure is at issue. Furthermore, under § 49-5-504(b), the Act explicitly forbids the director from rehiring a teacher if the board chooses not to grant tenure. To allow the board to approve Barbee for tenure and then have Director Houston override that decision by nonrenewing Barbee’s contract makes the limits on the director’s powers meaningless, and it conflicts with the basic balance of powers between the board and the director embedded in the Act.
Finally, the majority interprets § 49-5-503 to govern tenure eligibility, but in doing so, it mistakenly grafts requirements found in the current version of the statute onto § 49-5-503 as it existed in May 2011. Today, § 49-5-503 creates a list of five requirements for tenure eligibility, including that the teacher be “reemployed by the director of schools.” However, in May 2011, § 49-5-503 merely said: “‘Permanent tenure’ applies to any teacher who: *461 (1) [meets the education requirements]; (2) Holds a valid professional license ...; (3) Has completed a probationary period of three (3) school years or not less than twenty-seven (27) months ...; and (4) Is reemployed by the board for service after the probationary period.” Unlike today’s version, § 49-5-503 (circa May 2011) did not discuss eligibility. Instead, it listed qualities that triggered tenure, provided that the board took an affirmative action to confer such status. See, e.g., Snell v. Brothers, 527 S.W.2d 114, 119 (Tenn.1975) (requiring affirmative board action for grant of tenure); Ryan v. Anderson, 481 S.W.2d 371, 375 (Tenn.1972) (same). Here, the board took affirmative action at the April 11 board meeting after Director Houston recommended Barbee for tenure. The following day, when Barbee came to work, Barbee had tenure because he had satisfied all conditions under the Act. Therefore, Director Houston lacked the power to nonrenew Barbee’s contract without notice and a hearing.
Admittedly, a lay person might not immediately equate reemployment with election and continued employment, but the statute’s text easily bears this interpretation. Moreover, it is the only reading that reaffirms the basic structure and logic of the Act. Therefore, I would reverse the district court’s grant of summary judgment. Because the majority chooses a different and contrary path, I respectfully dissent.

. Unless otherwise noted, all citations are to the Tennessee Code as it existed on May 2, 2011, the date that Barbee received notice that his contract would not be renewed.