# IN THE COURT OF APPEALS OF TENNESSEE
## AT MEMPHIS
### February 25, 2015 Session

## ROGELYNN EMORY v. MEMPHIS CITY SCHOOLS BOARD OF EDUCATION, NOW KNOWN AS SHELBY COUNTY BOARD OF EDUCATION

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-06-2420      Walter L. Evans, Judge**

---

**No. W2014-01293-COA-R3-CV – Filed April 29, 2015**

---

This is an appeal by a tenured teacher seeking relief for the school board's failure to comply with the procedures set forth in the Tennessee Teacher Tenure Act for her termination. After receiving notice of charges pending against her, the teacher demanded a hearing before the school board. Pursuant to the Tenure Act, the school board was required to conduct a hearing on the charges within thirty days of the teacher's demand. The school board failed to do so. The trial court held that because the delay did not affect the outcome of the hearing, the school board's failure to comply with the Tenure Act was harmless and the teacher was not entitled to relief. On appeal, we conclude that Ms. Emory is entitled to an award of back pay for the number of days over thirty that she was suspended without pay and without a hearing following her demand for a hearing. We therefore reverse the judgment of the trial court and remand the case for a calculation of the proper amount of damages to which the teacher is entitled.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Mark Antonio Allen, Memphis, Tennessee, for the appellant, Rogelynn Sue Emory.

Sally Foster Barron and Jeff Weintraub, Memphis, Tennessee, for the appellee, Shelby County Board of Education.

# OPINION

## I. BACKGROUND AND PROCEDURAL HISTORY

Rogelynn Emory began working as a teacher for the Memphis City Schools Board of Education[1] ("Board") in 1977. From 1977 to 2005, Ms. Emory worked on a regular basis at several different high schools in the Memphis area. During the 2004-2005 school year, when the events underlying this appeal began, Ms. Emory was a tenured teacher assigned to Central High School. Greg McCullough was the school's principal that year. During the course of the year, Mr. McCullough observed that Ms. Emory did not appear to have control of the students in her classroom and demonstrated low levels of teaching. Based on his observations, Mr. McCullough recommended that the Board terminate Ms. Emory after the end of the school year.

As a result of Mr. McCullough's recommendation, Superintendent Carol Johnson initiated Ms. Emory's termination pursuant to the procedures set forth in the Tennessee Teacher Tenure Act ("Tenure Act"). Tenn. Code Ann. §§ 49-5-501 to -515 (2009).[2] In a written memorandum, Ms. Johnson laid out the factual background supporting her recommendation that the Board terminate Ms. Emory's employment based on the statutory grounds of "inefficiency."[3] *See id.* § 49-5-511(a)(2) ("The causes for which a teacher may be dismissed or suspended are: incompetence, inefficiency, neglect of duty, unprofessional conduct and insubordination . . . ."). In a letter dated September 30, 2005, Ms. Johnson notified Ms. Emory of the charges against her and that she had been suspended without pay effective June 27, 2005, pending the outcome of the matter.

In a letter dated October 18, 2005, Ms. Emory responded and requested an evidentiary hearing before the Board. The Board acknowledged its receipt of Ms. Emory's request in a letter dated November 11, 2005. Though Section 49-5-512(a)(2) of the Tenure Act requires school boards receiving such a demand to conduct a hearing within thirty days, the Board did not hold a hearing on the charges against Ms. Emory until November 2006. The reason for the delay is not clear from the record.

---

[1] The Memphis City Schools Board of Education is now known as the Shelby County Board of Education.

[2] The Tenure Act has been updated since the time these events occurred. In this appeal, we interpret and apply the Tenure Act in effect at the time these events occurred in 2005 and 2006. *See* Tenn. Code Ann. §§ Tenn. Code Ann. 49-5-501 to -515 (2009). Unless otherwise indicated, statutory citations in this opinion refer to the law in effect at that time. To the extent that the language of the current Tenure Act, Tenn. Code Ann. §§ Tenn. Code Ann. 49-5-501 to -515 (2013 & Supp. 2014), differs from the law applicable in this case, our decision in this appeal only applies to the law in effect in 2005 and 2006.

[3] "'Inefficiency' means being below the standards of efficiency maintained by others currently employed by the board for similar work, or habitually tardy, inaccurate, or wanting in effective performance of duties." Tenn. Code Ann. § 49-5-501(6).

The Board's hearing on the charges against Ms. Emory was finally held on November 1, 2, and 8, 2006. Over the course of the three-day hearing, the Board presented ample evidence in support of its charge that Ms. Emory had not been an efficient teacher throughout her career. Teachers and school administrators who worked with Ms. Emory over the course of her career recounted numerous incidents that demonstrated her poor classroom management skills and strained relationships with students. Ms. Emory also presented witnesses and testified in her own defense. Ms. Emory did not indicate that she took issue with the timing of the hearing or that her defense was prejudiced by the lengthy delay. After the close of proof, the Board voted unanimously to sustain Ms. Emory's dismissal and to adopt the findings as set forth in the notice of charges. The Board formally notified Ms. Emory that her employment had been terminated in a letter dated November 13, 2006. Ms. Emory timely filed a petition for writ of certiorari in the Shelby County Chancery Court seeking judicial review of the Board's decision.

In her appeal to the chancery court, Ms. Emory sought a reversal of the Board's decision, alleging that it was arbitrary and capricious. Among other things, Ms. Emory alleged that her dismissal was an act of retaliation for her initiation of unrelated litigation. Additionally, Ms. Emory asserted that she was not afforded a hearing in a timely manner as required by the Tenure Act. Ms. Emory argued that because the Board failed to comply with the Tenure Act, its action was void, and she was entitled to reinstatement.

Other than a notice of appearance filed by the Board's attorney in October 2008, it appears from the record that no action was taken in response to Ms. Emory's chancery court petition prior to 2011. On April 19, 2011, Ms. Emory filed a motion seeking a default judgment for the Board's failure to answer the petition. On April 26, 2011, the Board filed an answer and a cross-motion to dismiss the complaint for failure to prosecute. The trial court denied both of the parties' respective motions on December 16, 2011.

After filing of the transcript and exhibits from the Board's November 2006 hearing, the trial court heard arguments from both parties on June 19, 2013. At the hearing, Ms. Emory argued that the Tenure Act requires strict compliance and that the Board therefore lost its jurisdiction to terminate her employment for any reason when it failed to conduct a timely hearing as required by the Act. Following expiration of the thirty-day period, Ms. Emory argued, the Board was required to re-issue notice of the charges against her and start the process over in order to terminate her employment. Ms. Emory contended that she was entitled to reinstatement and to an award of her full salary dating back to the date of her suspension. In response, the Board argued that balancing the schedules of the various parties required to attend a termination hearing rendered the Tenure Act's thirty-day hearing requirement impractical. Speaking in reference to the

requirement, the Board's attorney stated: "The Legislature set it up to have it within 30 days and it can't be done. It's never been done, to my knowledge. And it's not going to be done tomorrow." Accordingly, the Board argued that Ms. Emory should not receive relief for the delay unless she could establish that the delay prejudiced her right to a full and fair hearing, which it contended she could not do. When questioned by the court, Ms. Emory's attorney conceded that the delay did not have any effect on the outcome of the hearing.

By an order entered on October 24, 2013, the trial court affirmed the Board's decision. In a separate statement of findings and conclusions, the trial court outlined the evidence presented by each of the parties at the Board hearing. The court concluded that the testimony elicited during the hearing substantiated the Board's conclusion that Ms. Emory was not an efficient or effective teacher and justified its decision to terminate her employment. Additionally, the trial court concluded that although the Board failed to provide Ms. Emory with a timely hearing as required by the Tenure Act, Ms. Emory was not entitled to relief because the delay did not prejudice her right to a full and fair hearing or affect the outcome of the case.

On November 15, 2013, Ms. Emory filed a motion to alter or amend the trial court's judgment. Following a hearing, the trial court denied the motion on June 3, 2014. Ms. Emory filed a timely notice of appeal to this Court.

## II. ISSUES PRESENTED

Though Ms. Emory lists a number of issues in her brief, the primary issue presented on appeal, as we perceive it, is whether the trial court erred in holding that Ms. Emory was not entitled to relief for the Board's failure to provide her a timely pre-termination hearing as required by the Tenure Act.

## III. STANDARD OF REVIEW

Our standard of review in cases involving tenured teachers appealing under the Tenure Act is governed by statute. The Tenure Act provides that a tenured teacher who is dismissed or suspended by action of the board may seek judicial review through a statutory writ of certiorari. Tenn. Code Ann. § 49-5-513(g)(a). Unlike the standard applicable to review of a common law writ of certiorari, the statutory writ of certiorari afforded to a tenured teacher under the Tenure Act is not limited to a determination of whether the board acted within its jurisdiction, or acted arbitrarily, capriciously, or illegally. *See Van Hooser v. Warren Cnty. Bd. of Educ.*, 807 S.W.2d 230, 236 (Tenn. 1991). Rather, it is a trial *de novo*, Tenn. Code Ann. § 49-5-513(g), in which the chancellor must reduce his findings of fact and conclusions of law to writing and include

them in the record. *Id.* § 49-5-513(h). Judicial review of an administrative board's decision is limited to the written record of the hearing before the board and any evidence or exhibits submitted at that hearing. *Id.* § 49-5-513(g). However, additional evidence or testimony may be admitted "to establish arbitrary or capricious action or violation of statutory or constitutional rights by the board." *Id.*

Appeal from a chancery court decision to this Court is governed by the Tennessee Rules of Appellate Procedure. *Id.* § 49-5-513(i). We therefore review the trial court's findings of fact *de novo* with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). We review the trial court's resolution of questions of law *de novo* with no presumption of correctness. *Crosby v. Holt*, 320 S.W.3d 805, 813 (Tenn. Ct. App. 2009). This case involves issues of statutory construction and interpretation, which we also review *de novo* with no presumption of correctness. *Thompson v. Memphis City Sch. Bd. of Educ.*, 395 S.W.3d 616, 622 (Tenn. 2012).

## IV. ANALYSIS

As an initial matter, we think it prudent to clarify the nature of Ms. Emory's claim. The trial court held that Ms. Emory was not entitled to reinstatement and back pay for the Board's failure to hold a timely hearing as required by the Tenure Act because she failed to establish that the delay affected her substantive rights. In support of its holding, the trial court cited two cases from the Sixth Circuit of the United States Court of Appeals, *Kendall v. Bd. of Educ. of Memphis City Sch.*, 627 F.2d 1 (6th Cir. 1980) and *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339 (6th Cir. 1992), holding that a terminated teacher must prove actual damages to recover for a deprivation of procedural due process. While the trial court correctly stated that in order to recover damages for a procedural due process violation, litigants must prove they personally suffered an actual injury to a protected right, *see King v. Betts*, 354 S.W.3d 691, 703 (Tenn. 2011), we note that Ms. Emory did not allege that the Board violated her procedural due process rights. Rather, she alleged that the Board violated the statutory protections afforded to her by the Tenure Act.

The Board contends that the trial court appropriately characterized Ms. Emory's claims as raising questions of procedural due process. We disagree. The Tenure Act provides teachers in Tennessee with protections greater than the minimal constitutional due process requirements. *Thompson v. Memphis City Sch. Bd. of Educ.*, 395 S.W.3d 616, 627 n.8 (Tenn. 2012). Though claims that a plaintiff was denied statutory rights and claims that a plaintiff was denied due process often overlap and may stand or fall together, they must be analyzed separately where the statutory requirements exceed those of due process. *See, e.g.*, *Thompson*, 395 S.W.3d at 622-27 (addressing the school

5

board's actions separately as possible violations of the Tenure Act and of constitutional due process). In this case, because Ms. Emory has not alleged any violation of her procedural due process rights, we are only concerned with the protections and remedies she is afforded under the Tenure Act.

The Tennessee Supreme Court recently discussed the pre-termination procedures set forth in the Tenure Act in *Thompson v. Memphis City Schools Board of Education*:

> The Legislature has plenary and exclusive authority to establish the makeup and structure of Tennessee's system of free public schools. *Lawrence Cnty. Educ. Ass'n v. Lawrence Cnty. Bd. of Educ.*, 244 S.W.3d 302, 310 (Tenn.2007); *S. Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 711 (Tenn.2001); *Bd. of Educ. v. Shelby Cnty.*, 155 Tenn. 212, 292 S.W. 462, 464 (1927). In the exercise of that authority, the Legislature enacted the Tenure Act in 1951. Act of Feb. 27, 1951, ch. 76, 1951 Tenn. Pub. Acts 292, 292-305. The primary purpose of the Tenure Act is "'to protect school teachers from arbitrary demotions and dismissals.'" *Cooper v. Williamson Cnty. Bd. of Educ.*, 746 S.W.2d 176, 179 (Tenn.1987) (quoting *Snell v. Brothers*, 527 S.W.2d 114, 116 (Tenn.1975)). The Tenure Act also affords "a measure of job security to those educators who have attained tenure status" and assures "efficient administration of the local educational systems of this State" by creating stability. *Ryan v. Anderson*, 481 S.W.2d 371, 374 (Tenn.1972).
>
> The statute defines "tenure" as:
>
>> the statutory requirements, conditions, relations and provisions in this part, under which a teacher employed by a board holds a position as a teacher under the jurisdiction of the board.
>
> Tenn. Code Ann. § 49-5-501(11)(A). The Act creates two types of tenure – limited and permanent. *Id.* § 49-5-503. . . . Once attained, permanent tenure extends "until such time as the teacher . . . resigns, retires or *is dismissed under [the] provisions of this part.*" *Id.* § 49-5-501(11)(C) (emphasis added). The Tenure Act declares in no uncertain terms that "[n]o teacher shall be dismissed or suspended *except as provided in this part.*" *Id.* § 49-5-511(a)(1) (emphasis added).
>
> The five exclusive "causes for which a teacher may be dismissed" are "incompetence, inefficiency, neglect of duty, unprofessional conduct

and insubordination as defined in § 49-5-501." *Id.* § 49-5-511(a)(2). However, even if one of these causes is charged, certain procedures must be provided *before* a tenured teacher is dismissed. First, written charges must be presented to the board of education specifically stating an offense that would amount to cause for the teacher's dismissal, and "the charges *shall* be made in writing, specifically stating the offenses which are charged, and *shall* be signed by the party or parties making the charges." *Id.* § 49-5-511(a)(4) (emphasis added). If the board of education determines that the "charges are of such nature as to warrant the dismissal of the teacher, the director of schools *shall* give the teacher" written notice of the board's decision, a copy of the charges against the teacher, and "a copy of a form which shall be provided by the commissioner of education advising the teacher as to the teacher's legal duties, rights and recourse under the terms of this part." *Id.* § 49-5-511(a)(5)(emphasis added). The teacher then "may, within thirty (30) days after receipt of notice, *demand* a hearing before the board" by giving "written notice to the director of schools of the teacher's request for a hearing." *Id.* § 49-5-512(a)(1) (emphasis added); *see also Sanders v. Vinson*, 558 S.W.2d 838, 844 (Tenn.1977) (recognizing that a teacher's receipt of written notice of the board's decision triggers the teacher's right to demand a pre-termination hearing before the board).

When a teacher demands a hearing before the board, "[t]he director of schools *shall*, within five (5) days after receipt of [the] request, indicate the place of such hearing and set a convenient date, which date *shall not* be later than thirty (30) days following receipt of [the] notice demanding a hearing." Tenn. Code Ann. § 49-5-512(a)(2) (emphasis added). "The teacher may appear at the hearing and plead the teacher's cause in person or by counsel." *Id.* § 49-5-512(a)(3). Additionally, the teacher "may present witnesses, and shall have full opportunity to present the teacher's contentions and to support them with evidence and argument." *Id.* at § 49-5-512(a)(4). The teacher must be provided a "full, complete, and impartial hearing before the board, including the right to have evidence deemed relevant by the teacher included in the record of the hearing, even if objected to by the person conducting the hearing." *Id.* The board chair conducting the hearing has the power to issue subpoenas, and both the teacher and the board may have subpoenas issued. *Id.* § 49-5-512(a)(5). All testimony must be given under oath, and either party may invoke the rule of sequestration for witnesses. *Id.* § 49-5-512(a)(6), (8). If an appeal is taken, a transcript or recording of the hearing must be prepared, and all actions of the board must be reduced to writing and included in the record. *Id.* § 49-5-512(a)(7). After the hearing, "[t]he board shall within ten (10)

7

days decide what disposition to make of the case and shall immediately thereafter give the teacher written notice of its findings and decision." *Id.* § 49-5-512(a)(9). A tenured teacher "who is dismissed or suspended by action of the board" may then obtain judicial review by filing a petition for writ of certiorari within thirty days of the board's decision. *Id.* § 49-5-513(a)-(b).

*Thompson*, 395 S.W.3d at 622-24 (footnotes omitted).

The plaintiff in that case, Ms. Thompson, began working as a teacher in the Memphis City Schools in 1987. *Id.* at 618. After attaining permanent tenure, Ms. Thompson requested and received sick leave for several extended periods from 2004 to 2006. *Id.* In October 2006, Ms. Thompson requested and received sick leave until January 2, 2007. *Id.* When Ms. Thompson failed to returned to work by April 2007, the Board sent her a letter stating that her employment had been terminated effective January 2, 2007. *Id.* at 619. Through her attorney, Ms. Thompson sent several letters to the Board stating that she was not afforded notice or a hearing prior to termination as required by the Tenure Act. *Id.* When the letters went unanswered, Ms. Thompson filed a complaint in chancery court alleging the dismissal violated the Tenure Act and seeking reinstatement and back pay. *Id.* The trial court agreed, granting summary judgment in Ms. Thompson's favor and awarding her reinstatement and back pay to January 2, 2007. *Id.* at 621. The Board appealed, and this Court vacated the trial court's grant of summary judgment. *Thompson v. Memphis City Sch. Bd. of Educ.*, No. W2010-02631-COA-R3-CV, 2012 WL 134245 (Tenn. Ct. App. Jan. 18, 2012). Ms. Thompson sought permission to appeal, which the Tennessee Supreme Court granted. *Thompson*, 395 S.W.3d at 622.

The Tennessee Supreme Court reversed the judgment of this Court and reinstated the judgment of the trial court. In its opinion, the court stated that "Ms. Thompson received absolutely none of the pre-termination protections the Tenure Act provides." *Id.* at 624. The court noted that not only was Ms. Thompson never provided with notice of the charges against her, no written charges against Ms. Thompson were even presented to the Board prior to the April 2007 letter terminating her employment. *Id.* at 625. The court declared that the Tenure Act's notice requirement was "blatantly disregarded," and that "a cascade of noncompliance with the Tenure Act resulted." *Id.* While the court noted that the Board could have sought to terminate Ms. Thompson's employment "so long as the Board proceeded consistently with the provisions of the Tenure Act," the undisputed facts established that "the Board violated her rights under the Tenure Act." *Id.* at 626-27. In light of the Board's "refusal to comply with statutory mandates," the court held that Ms. Thompson was entitled to reinstatement and an award of full salary. *Id.* at 627-30 (citing Tenn. Code Ann. § 49-5-511(a)(3) ("If vindicated or reinstated, the teacher shall be paid the full salary for the period during which the teacher was

suspended."")).

Turning back now to the case at bar, the parties disagree on the proper application of the supreme court's opinion in *Thompson* to this case . Ms. Emory argues that a proper reading of *Thompson* suggests that the procedural requirements of the Tenure Act are mandatory and that because the Board failed to comply with them, her termination is ineffective. Ms. Emory therefore contends that she is entitled to reinstatement and full back pay. Conversely, the Board argues that *Thompson* is distinguishable because, in that case, the plaintiff's substantive rights were clearly prejudiced by the fact that she did not receive notice or a hearing prior to termination, whereas in this case, Ms. Emory received both a notice and hearing prior to termination and concedes that the delay prior to her hearing did not affect her right to a full and fair substantive hearing or have an effect on its outcome. The Board contends that Ms. Emory is not entitled to relief because she did not suffer any substantive injury. The trial court sided with the Board, concluding that *Thompson* was distinguishable because the Board's failure to comply with the Tenure Act in that case was so flagrant that it amounted to a violation of the plaintiff's substantive rights. To resolve this dispute, we examine the language of the Tenure Act itself.

A court's primary objective in the construction of any statute is to ascertain and give effect to the legislature's intent. *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 309 (Tenn. 2008). We begin by examining the statute's language, presuming that the legislature intended that each word be given full effect. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012). If the statutory language is not ambiguous, the plain and ordinary meaning of the statute must be given effect. *In re Adoption of A.M.H.*, 215 S.W.3d 793, 808 (Tenn. 2007). It is not the place of the courts to alter or amend a statute. *See Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 803 (Tenn. 2000). Moreover, a court may not question the reasonableness of the statute or substitute its own policy judgments for those of the general assembly. *See id.*

The Tenure Act specifically declares that "[n]o teacher shall be dismissed or suspended *except as provided in this part*." Tenn. Code Ann. § 49-5-511(a)(1) (emphasis added). It further states once a teacher timely notifies the school board of his or her demand for a hearing, "[t]he director of schools *shall*, within five (5) days after receipt of the request, indicate the place of the hearing and set a convenient date, which date *shall not* be later than thirty (30) days following receipt of [the] notice demanding a hearing." *Id.* § 49-5-512(a)(2) (emphasis added). We must determine whether a school board's failure to comply with the timely hearing requirement in Section 49-5-512(a)(2) invalidates the entire termination proceeding. We therefore examine the statute's use of the word "shall."

When the word "shall" is used in a statute, courts will construe it as making the

9

action governed either mandatory or directory. *See e.g.*, *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs. Inc.*, 418 S.W.3d 547, 554 (Tenn. 2013) (construing a the word "shall" as directory); *Home Builders Ass'n of Middle Tenn. v. Williamson Cnty.*, 304 S.W.3d 812, 820 (Tenn. 2010) (construing "shall" as mandatory). Failure to comply with a mandatory statutory provision generally renders a proceeding void, but strict compliance with a directory provision is not essential to the validity of a proceeding. *See Stevens*, 418 S.W.3d at 562 (Tenn. 2013) (Wade J., dissenting). "There is no universal test by which directory provisions of a statute may be distinguished from mandatory provisions." *Stevens*, 418 S.W.3d at 562 (quoting 3 Norman J. Singer & J.D. Singer, *Statutes and Statutory Construction* § 57:2 (7th ed. 2008) [hereinafter Singer & Singer]). As a general rule, Tennessee courts have held that the general assembly's use of the word "shall" removes the court's discretion and indicates that the action governed by the statute is mandatory. *See, e.g.*, *Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009) ("When 'shall' is used in a statute or rule, the requirement is mandatory."); *Bolin v. Tenn. Farmer's Mut. Ins. Co.*, 614 S.W.2d 566, 569 (Tenn.1981) ("The general rule is that the word 'shall' ordinarily is construed to be mandatory rather than merely directory."); *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965) (noting that by using the word "shall," the general assembly "leaves no room for discretion"). Notwithstanding this general rule, a statutory provision that pertains to the time for performing an act governed by the statute may be construed as directory rather than mandatory. *Home Builders*, 304 S.W.3d at 819; *Presley v. Bennett*, 860 S.W.2d 857, 860 (Tenn. 1993); *Trapp v. McCormick*, 130 S.W.2d 122, 125 (Tenn. 1939). Ultimately, the construction of language as mandatory or directory is determined by considering the entire statute, including its nature and purpose, and the consequences that would result from a construction one way or the other. *Home Builders*, 304 S.W.3d at 819.

To determine whether the term "shall" is mandatory or directory, we must address "whether the prescribed mode of action is of the essence of the thing to be accomplished." *Myers*, 382 S.W.3d at 309 (quoting Singer & Singer § 57:2). "The primary purpose of the Tenure Act is 'to protect school teachers from arbitrary demotions and dismissals.'" *Thompson v. Memphis City Sch. Bd. of Educ.*, 395 S.W.3d 616, 623 (Tenn. 2012) (quoting *Cooper v. Williamson Cnty. Bd. of Educ.*, 746 S.W.2d 176, 179 (Tenn.1987)). The essential and fundamental purpose of Tennessee Code Annotated section 49-5-512 is to ensure that tenured teachers are provided a full and fair pre-termination hearing. Though the statute provides that the hearing must be conducted within thirty days of the teacher's demand, the timely hearing requirement is not fundamental to the validity of the statute. *See Myers*, 382 S.W.3d at 309 (concluding that the requirements of two statutes were "fundamental to [their] validity"). Tennessee courts have held that similar timing requirements are directory rather than mandatory. *See Jordan v. Knox Cnty.*, 213 S.W.3d 751, 783 (concluding that time period

requirements in a county charter were directory despite the use of mandatory language). Moreover, there is no language in the statute to indicate that the failure to provide a hearing within the specified time period renders the proceedings void. In fact, the statute does not provide any penalty for noncompliance with the timely hearing requirement. The lack of a sanction in a statute tends to indicate that the statute is directory. Singer & Singer § 57:2. Based on the foregoing, we conclude that the timely hearing requirement in Section 49-5-512(a)(2) is directory rather than mandatory.

We are aware that our determination that the thirty-day hearing provision is directory rather than mandatory, coupled with the fact that the statute does not expressly provide a penalty, could render the provision meaningless. Without some sanction, school boards would be free to ignore the procedural requirements and drag tenure proceedings out for as long as they pleased, so long as the teacher's substantive right to a full and fair hearing was not abridged. Such a result would undermine the Tenure Act's aim to "afford teachers an expeditious process and to limit liability incurred by boards of education when teachers are vindicated and reinstated." *Thompson*, 395 S.W.3d at 630. Though we agree with Ms. Emory that some sanction for the Board's noncompliance with the timely hearing requirement is necessary, we decline to hold, as she suggests, that the subsequent substantive actions of the Board should be rendered void. Section 49-5-512(a)(2) limits the number of days that a tenured teacher who timely demands a hearing can be suspended without pay without being afforded a hearing to thirty days. In our view, the only prejudice Ms. Emory suffered as a result of the delayed hearing is that she was suspended without pay following her demand for a hearing for a number of days that exceeded the statutory limit. Accordingly, the proper remedy is an award of back pay for the additional days that Ms. Emory was suspended without pay and without a hearing in violation of the Tenure Act. We reverse the judgment of the trial court and remand this matter to the trial court to determine the amount of back pay to which Ms. Emory is entitled for those days.

## V. CONCLUSION

For the foregoing reasons, we conclude that the trial court erred in holding that Ms. Emory was not entitled to any relief for the Board's failure to comply with the Tenure Act. Ms. Emory is entitled to an award of back pay for the number of days over thirty that she was suspended without pay and without a hearing in violation of the Tenure Act following her demand for a hearing. The judgment of the trial court is reversed and this case is remanded to the trial court to determine the amount of Ms. Emory's award. Costs of this appeal are taxed to the Board.

_____
BRANDON O. GIBSON, JUDGE

11